STATE OF MINNESOTA *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

March 19, 1883.

Taxes—"Gross Earnings" of Railroad.— The "gross earnings" upon which 3 per centum is to be paid to the state in lieu of taxes, under the charter of this defendant, (Laws 1857, Ex. Sess. *c.* 1, subc. 1,) do not include the compensation paid to it by another company for the right to run trains over its lines.

Plaintiff brought this action in the district court of Ramsey county, to recover a balance claimed to be due it on account of the taxes of 1880. The action was submitted to the court, *Simons,* J., presiding,

on stipulated facts, from which it appears that defendant had paid as taxes (under Laws 1857, Ex. Sess., c. 1, subc. 1, § 18,) three per centum upon all its gross earnings, not, however, including $40,000 received from the Northern Pacific Railroad Company, as compensation for the privilege of using a portion of its road, which sum the plaintiff claims should be included in the defendant's gross earnings. Judgment was ordered and entered for defendant, and the plaintiff appealed.

*W. J. Hahn*, Attorney General, for the State.

*R. B. Galusha* and *Bigelow, Flandrau & Squires*, for respondent.

GILFILLAN, C. J.   The only question in this case is, does the $40,-000 per annum which the Northern Pacific Railroad Company pays to defendant for the right to run its trains over defendant's lines from Sauk Rapids to St. Paul, from St. Cloud to East St. Cloud, and from Minneapolis (west) to East Minneapolis, come within the term of "gross earnings," upon which, according to the act from which the defendant derives its existence, 3 per centum is to be paid in lieu of taxes?

The part of the act (Laws 1857, Ex. Sess., c. 1, subc. 1, § 18,) which provides for the payment of such per centum, reads: "In consideration of the grants, privileges, and franchises herein conferred on the said Minnesota & Pacific Railroad Company, the said company shall and will, on or before the first day of March in each year, pay into the treasury of the territory or future state three per centum of the gross earnings of the said railroad for the year ending on the last day of the preceding December, in lieu of all taxes and assessments whatever." Further on the section provides: "For the purpose of ascertaining the said earnings, an accurate account shall be kept by said company of all receipts and expenditures on account of the operation of said railroads, and abstracts thereof shall be furnished by said company to the treasurer of the territory or state." No provision is made for ascertaining or certifying to the treasurer any receipts other than those mentioned in this clause, to wit, those "on account of the operation of said railroads." It is clear that those are the only receipts of which any account is to be taken between the company and the state; and, as that account is to be kept

and an abstract thereof furnished to the treasurer for the purpose of ascertaining the earnings on which the 3 per centum is to be paid, it is equally clear that no other receipts were intended to enter into the compensation, or make any part of such earnings. Rent or compensation paid to the company for the right to operate the railroad cannot be called receipts on account of the operation of it. The company might not operate its railroad at all, but lease it for a gross sum, in which case all the receipts on account of the operation of the railroad would go into the hands of the lessee, and the rent only (which would probably be regulated by the expectancy of net earnings) into the hands of the company. And in such case exacting 3 per centum upon the rent paid the company, and also upon the receipts by the tenant earned by operating the railroad, would be, to the extent of the rent, in the nature of double taxation, or rather of exacting twice the commutation for taxes on the same property. Leasing or selling the railroad cannot affect the rights of the state. Into whose hands soever the railroad may pass, and whoever may receive the gross earnings, the obligation to pay and the right of the state to receive the 3 per centum on such gross earnings are unimpaired. Such earnings still furnish the measure of such obligation and right.

Judgment affirmed.