## ALEXANDER v. ALEXANDER.
### Civil Action No. 5453.

District Court, D. Kansas, First Division.

Dec. 15, 1945.

124

Clayton Brenner, of Olathe, Kan., and Ralph W. Street, of Kansas City, Mo., for plaintiff.

Howard Payne, of Olathe, Kan., and Cornelius Roach, of Roach & Brenner, all of Kansas City, Mo., for defendant.

HELVERING, District Judge.

Counsel for the parties made their opening statements to the Court regarding the contentions of the parties and the evidence to be introduced; whereupon the parties entered into stipulations concerning the facts, the liability of the defendant, and the extent of such liability under the claims set forth in paragraphs five, six, and nine of plaintiff's petition.

Thereupon testimony of witnesses and documentary evidence was introduced and arguments of counsel presented. It was agreed that the parties would be and they were given leave to file additional briefs of argument and it was agreed that when such briefs should be filed the case thereupon should be considered as submitted to the Court upon the record and for judgment.

And now on this 15th day of December, 1945, this cause comes on for determination by the Court and the Court, having considered the pleadings herein, the record and the evidence introduced, the arguments and briefs of counsel, and being fully advised in the premises, makes the following findings of facts and conclusions of law:

## Findings of Fact

1. That at the time of the filing of this action the plaintiff, Marjorie Longan Alex-

ander was, ever since has been and now is a citizen and resident of the State of Missouri, residing at Kansas City, Missouri, and that at said time the defendant, Charles Freeman Alexander, was, ever since has been and now is a citizen and resident of the State of Texas, residing at Fort Worth, Texas.

2. That this suit is of a civil nature and that the matter or amount in controversy in said cause exceeds the sum or value of Three Thousand ($3,000) Dollars, exclusive of interest and costs.

3. That on March 7, 1939, plaintiff and defendant were husband and wife and resided in Kansas City, Missouri.

4. That said plaintiff and defendant did, on March 7, 1939, and within the State of Missouri enter into the property settlement agreement, copy of which, marked "Exhibit A," is attached to plaintiff's petition.

5. That the property settlement agreement entered into between plaintiff and the defendant on March 7, 1939, provided for payment of the various sums therein provided and performance of the provisions thereof which are the basis of this action at Kansas City in the State of Missouri.

6. That, thereafter, on March 14, 1939, plaintiff was divorced from defendant and their marriage relationship terminated by the Circuit Court of Jackson County, Missouri, at Kansas City, Missouri, and the decree of said Court expressly approved said property settlement agreement previously entered into by said parties on March 7, 1939.

7. That the defendant was married to Lou Carroll Alexander, his present wife, on March 14, 1939, and since their marriage the defendant and his present wife, Lou Carroll Alexander, have continuously maintained their marital domicile at and have resided together as man and wife at Fort Worth, in the State of Texas.

8. That said property settlement agreement entered into between plaintiff and defendant on March 7, 1939, in subdivision "Four" thereof provided that the defendant should pay to plaintiff the sum of Ten Thousand ($10,000) Dollars in installments as follows: $2,500 at the signing of said contract, $500 on July 1, 1939, and $1,000 on the first day of July of each succeeding year until the full amount was paid. Said agreement further provided that said installments should bear interest at the rate of eight (8%) per cent per annum after maturity and that if default was made in the payment of any one of said installments when due, plaintiff should have the option to declare all unpaid installments due and payable and, upon the exercise of said option, said installments would thereupon become due.

9. That, as stipulated between the parties to this action, the defendant failed to make the annual payments of $1,000 each, as provided in subdivision "Four" of said property settlement agreement, which fell due on July 1, 1943, and on July 1, 1944, and on November 13, 1944, plaintiff exercised her option to declare the installments of $1,000 each, which otherwise would have fallen due on July 1, 1945, and July 1, 1946, due and payable forthwith, but the defendant has failed to pay any of said payments or interest thereon.

10. That said property settlement agreement entered into between plaintiff and defendant on March 7, 1939, in subdivisions "Five" and "Six" thereof provided that the defendant should pay to plaintiff the sum of One Hundred and Fifty ($150) Dollars on the first day of each month beginning on April 1, 1939, and continuing until the death or remarriage of the plaintiff, as and for the support and maintenance of plaintiff; and provided, further, that defendant should pay to plaintiff an additional sum of One Hundred and Fifty ($150) Dollars on the first day of each month beginning on April 1, 1939, for the support and maintenance of their three children, but that, when any one of the three children should attain his or her majority and be then self-sustaining, or should die, such monthly payments should thenceforth be reduced 33⅓%.

11. That, as stipulated between the parties to this action, the defendant failed to pay when due one-half of the sum of $250 due to plaintiff for herself and the minor children of said parties on June 1, 1943, and any portion of the like sums due on July 1, 1943, and August 1, 1943, for the same purposes, as provided by subdivisions "Five" and "Six" of said property settlement agreement. Said sums were paid by defendant to plaintiff on November 13, 1944, but defendant has paid to plaintiff no interest on said sums.

12. Said property settlement agreement entered into between plaintiff and defendant on March 7, 1939, in the second paragraph of subdivision "Six," provided that the defendant, on or before April 15th in each year, until the death or remarriage of

plaintiff, should furnish to plaintiff a true and certified copy of his federal income tax return for the preceding taxable calendar year, and if, as shown thereby or otherwise established, the defendant should have gross income—from whatever source derived, excluding only capital gains—in any calendar year in excess of $7,500, then for every such calendar year the defendant should pay to plaintiff in twelve equal consecutive monthly installments, commencing on the first day of May following, a further and additional sum equal to twenty (20%) per cent of the amount by which such calendar year income of defendant exceeds the sum of $7,500, as and for the further support and maintenance of defendant until her death or remarriage.

13. That defendant's gross earnings in the years 1939 to 1944, both inclusive, were as follows:

1939 ........................ $ 7,148.16
1940 ........................ $ 7,824.29
1941 ........................ $11,015.92
1942 ........................ $13,634.39
1943 ........................ $14,161.42
1944 ........................ $17,138.02

14. That said property settlement agreement provided, in subdivision "Seven" thereof, that defendant would pay, before December 1, 1938, the sum of $1,250 upon the principal of the indebtedness secured by a deed of trust upon the property in Kansas City, Jackson County, Missouri, commonly known and designated as "520 East 54th Street," and further provided that defendant would pay at least the sum of $1,500 in the calendar year 1939, and at least a like sum in each calendar year thereafter upon the principal of said indebtedness until said deed of trust be fully paid and satisfied. Said agreement further provided that the defendant would pay all interest upon said indebtedness, as it should mature and become payable, until said indebtedness and deed of trust should be fully paid and discharged of record, and that said defendant would cause same to be fully satisfied and discharged of record.

15. That defendant has failed to make the payments upon the principal and interest on the indebtedness secured by the deed of trust as provided by subdivision "Seven" of said property settlement agreement but has made other arrangements with the holder of the trust deed providing for the extension of payments thereon and that there is now due on the principal of said indebtedness $4,500, with interest.

16. That said property settlement agreement provided, in subdivision "Eight," that the plaintiff and the three children born of the marriage of plaintiff and defendant should have the sole and exclusive right to occupy as their home, free of rent, the property commonly known as "520 East 54th Street" in Kansas City, Missouri, until each of said children has attained his majority and is self-supporting, or sooner die, and until the death or remarriage of plaintiff.

17. That plaintiff and such of said children who have not reached their majority or, having done so, are not self-supporting and are alive, have had continuously since the date of said property settlement agreement and now have sole and exclusive possession and occupany of the property commonly known as "520 East 54th Street" in Kansas City, Missouri.

18. That the plaintiff has sustained and suffered no damage as a result of the failure of the defendant to discharge the debt secured by the deed of trust upon the residence property commonly known as "520 East 54th Street" in Kansas City, Missouri.

19. Said property settlement agreement provided further in subdivision "Eight" that defendant would make or cause to be made, at his own expense, all repairs upon the exterior of the buildings and improvements situated upon the property commonly known as "520 East 54th Street" in Kansas City, Missouri, as should be reasonably necessary, from time to time, throughout the period for which plaintiff and the children born of the marriage of plaintiff and defendant were given sole and exclusive occupancy of said property by said property settlement agreement.

20. That plaintiff has requested defendant to make, or cause to be made, certain repairs upon said property commonly known as "520 East 54th Street" in Kansas City, Missouri, which repairs defendant refused to make, or cause to be made; that the parties have, by agreement, estimated the cost of said repairs at $1,436, which sum, by said agreement, will be placed in the hands of defendant's attorney to be disbursed by him on the order of the plaintiff as and when such repairs recited in plaintiff's petition, excluding cutting and trimming of trees and shrubs, have been effected and approved by the plaintiff, such sum to be used at the direction of plaintiff as in satisfaction of her claim against the

defendant on account of such repairs to the date of October 15, 1945.

## Conclusions of Law

1. This Court has jurisdiction of the subject matter of this action and of the persons of the parties hereto.

2. That the property settlement agreement entered into between the parties to this action on March 7, 1939, is a valid and enforceable contract and, being executed in the State of Missouri and providing for performance of the provisions thereof in the State of Missouri, must be interpreted in accord with the laws of Missouri and the intent of the parties as expressed therein.

3. That, as stipulated between the parties, defendant is liable to the plaintiff for the annual payments, provided for in subdivision "Four" of said property settlement agreement, of $1,000 each which fell due on July 1, 1943 and on July 1, 1944, and also the two annual payments which fell due on November 13, 1944, as a result of plaintiff's exercise of her option to declare such payments due and payable as of that date and which otherwise would have fallen due on July 1, 1945, and July 1, 1946, the four payments of said liability being in the total amount of Four Thousand ($4,000) Dollars. As likewise stipulated between the parties, defendant is liable to plaintiff for interest on said payments from the date they were due and payable and until the date of entry of judgment at the rate of eight (8%) percent, in a total amount of Four Hundred Eighty-Six ($486.65) Dollars and Sixty-Five Cents.

4. That, as stipulated between the parties, defendant is liable to the plaintiff for interest at the rate of six (6%) per cent on the sum of $125 from June 1, 1943, to November 13, 1944, and on the sum of $250 from July 1, 1943, to November 13, 1944, and on the sum of $250 from August 1, 1943, to November 13, 1944, such sums being those due plaintiff on the dates first referred to as to each by virtue of subdivisions "Five" and "Six" of said property settlement agreement, said interest being in the total amount of Fifty ($50.93) Dollars and Ninety-Three Cents.

5. That the meaning of the term "gross income" as used in the second paragraph of subdivision "Six" of said property settlement agreement is governed by the law of the state where said property settlement agreement was executed and where such agreement was to be performed and by the intent of the parties to said agreement.

6. The application of the Texas community property law to gross income received in that state and, particularly, as such application may affect the nature of gross income as shown on federal income tax returns by citizens and residents of that state does not control the meaning of the term "gross income" as used in the said property settlement agreement executed in Missouri between parties who were citizens and residents of Missouri at the time of the execution of such agreement and which agreement was to be performed in Missouri.

7. That the meaning of the term "gross income," as used in said second paragraph of subdivision "Six" of said property settlement agreement and as applicable to the income which is the subject of this action, is synonymous with "gross earnings" as ordinarily and commonly used and is not limited or varied by the application of the Texas community property law to the gross earnings or gross income of the defendant.

8. Defendant's "gross income" as that term is used in the second paragraph of subdivision "Six" of said property settlement agreement, the amount by which such income exceeds $7,500, twenty per cent of such excess over $7,500, for each of the years 1939 to 1944, both inclusive, was as follows:

| Year | Gross Income | Excess over $7,500 | 20% of Excess |
|------|------|------|------|
| 1939 | $ 7,148.16 | | |
| 1940 | 7,824.29 | $ 324.29 | $ 64.86 |
| 1941 | 11,015.92 | 3,515.92 | 703.18 |
| 1942 | 13,634.39 | 6,134.39 | 1,226.88 |
| 1943 | 14,161.42 | 6,661.42 | 1,332.28 |
| 1944 | 17,138.02 | 9,638.02 | 1,927.60 |

and the defendant is liable to plaintiff in the amount of twenty per cent of the excess of said income over $7,500 for each of the years 1940 to 1944, both inclusive, being a total sum of Five Thousand Two Hundred Fifty-Four ($5,254.80) Dollars and Eighty Cents.

9. Defendant is liable to plaintiff for interest at the rate of six (6%) per cent on the payments due to plaintiff, as provided by the second paragraph of subdivision "Six" of the said property settlement agree-

ment, of sums equal to twenty (20%) per cent of the excess of defendant's gross income over $7,500 in each calendar year from 1940 to 1944, both inclusive, said sums being due and payable in twelve equal consecutive monthly installments commencing on the first day of May following the calendar year in which said income was received, from the dates such payments were due until the date of entry of judgment herein, said amounts for each of said years being as follows:

| Year of Income | Amount ea. principal Payment due monthly | Total interest due on all 12 payments |
| --- | --- | --- |
| 1940 | $ 5.415 | $ 16.242 |
| 1941 | 58.598 | 133.603 |
| 1942 | 102.24 | 159.494 |
| 1943 | 111.023 | 93.257 |
| 1944 | 160.633 | 25.702 |

and the total amount of said interest for which defendant is liable to plaintiff is the sum of Four Hundred Twenty-Eight ($428.30) Dollars and Thirty Cents.

10. That the said property settlement agreement between the parties insofar as it obligates the defendant to pay and discharge the mortgage debt and satisfy and discharge the deed of trust upon the property commonly known and designated as "520 East 54th Street" in Kansas City, Missouri, is not specifically enforceable, and, the plaintiff herein having sustained and suffered no damage as the result of defendant's failure to discharge the debt secured by said mortgage deed of trust on said property, defendant is not now liable to plaintiff in any amount because of such failure.

11. That all claims made by plaintiff herein against the defendant on account of defendant's failure to make, or cause to be made, repairs on the property at 520 East 54th Street, Kansas City, Missouri, as provided in subdivision "Eight" of said property setttlement agreement, to the date of October 15, 1945, are to be satisfied and discharged by the payment of the costs of such repairs, excluding any amounts for cutting and trimming trees and shrubs, by defendant's attorney from the sum of $1,436 which is to be placed in his hands and control by the defendant for such purpose, such portion of said sum as may be necessary to cover the cost of such repairs to be paid by defendant's attorney on order of the plaintiff as and when such repairs are effected and approved by plaintiff.

It is, therefore, by the court, considered, ordered, and adjudged That the plaintiff, Marjorie Longan Alexander, have and recover of and from the defendant, Charles Freeman Alexander, the sum of Ten Thousand Two Hundred Twenty ($10,220.-68) Dollars and Sixty-Eight Cents; that defendant place in the hands of his attorney, Cornelius Roach, the additional sum of One Thousand Four Hundred Thirty-Six ($1,436) Dollars to be used by him to pay the cost of repairs on the property at 520 East 54th Street, Kansas City, Missouri; that defendant's attorney, Cornelius Roach, disburse such portion of said One Thousand Four Hundred Thirty-Six ($1,436.00) Dollars as may be necessary to cover the cost of such repairs, excluding any amounts for cutting and trimming trees and shrubs, on order of the plaintiff, Marjorie Longan Alexander, as and when such repairs, necessity of which accrued on or prior to October 15, 1945, have been effected and approved by the plaintiff.

It is further ordered, adjudged and decreed by the Court that the costs of this action be taxed to the defendant herein.