19849. WELCH *v.* WELCH.

SUBMITTED SEPTEMBER 11, 1957—DECIDED OCTOBER 15, 1957.

*Julius S. Fine,* for plaintiff in error.

*James Edward McAleer, Gilbert E. Johnson,* contra.

HEAD, Justice. ■ It is insisted by counsel for the plaintiff in error (defendant in the petition for modification of the alimony judgment) that the petition for modification was prematurely brought; that it was the intention of the legislature in the passage of the act allowing petitions for modification of alimony judgments that no such petition could be brought until after the expiration of two years from the time the original petition was filed in the action in which alimony was awarded.

The act authorizing the filing of a petition to modify a judgment for permanent alimony (Ga. L. 1955, pp. 630-632; Code, Ann., §§ 30-220—30-223) provides: "No petition may be filed under this act within a period of two years from the date of the filing of a previous petition under this act." There is no other language in the act dealing with a limitation of time in the filing of petitions under the act. The language quoted plainly deals

only with the limitation on filing a subsequent petition under the act, after one petition has been filed, and has no reference to any time which must elapse after the filing of the petition seeking alimony, before a petition for modification may be filed.

It is contended that, to allow a petition for modification of an alimony judgment to be filed at any time after the award of alimony, would conflict with the general rule that a judgment or decree may not be modified after the term at which it was rendered has expired, and would substitute the modification statute for the general rules governing the review of judgments and decrees.

These contentions are refuted by the second section of the 1955 act (Code, Ann., § 30-221), which recites: "Upon such an application, as hereinbefore authorized, the merits of whether the wife, or child or children, or both are entitled in alimony and support are not in issue, but only whether there has been such a substantial change in the income and financial status of the husband as to warrant either a downward or upward revision and modification of the permanent alimony judgment." The petition for modification of a judgment for permanent alimony can not be substituted for a review of the judgment, since the petition can be granted only in the event a substantial change has occurred in the "income and financial status" of the former husband since the date of the judgment.

Since there is no language in the act which limits the time within which the first petition for modification may be filed, this court can not assume that any limitation was intended. The petition in the present case was not subject to general demurrer because it was filed within two years from the date of the judgment awarding alimony.

In the first section of the 1955 act (Code, Ann., § 30-220), it is stated that a judgment providing permanent alimony shall be subject to revision "upon petition filed by either the husband or the wife showing a change in the income and financial status of the husband," and that the previous judgment for alimony may be revised "in accordance with the changed income and financial status of the husband." In the second section (Code, Ann., § 30-221), it is stated that the only issue is "whether there has been such a substantial change in the income and financial

status of the husband as to warrant either a downward or upward revision and modification of the permanent alimony judgment."

These statements in the law show the purpose of the legislation and the broad general principles on which the allegations of the petition for modification must be based. It was not the legislative intent that a petition for modification might be brought merely asserting that a change has occurred in the husband's financial status. "A petition either in law or in equity must plainly, fully, and distinctly set forth a cause of action (Code of 1933, § 81-101); . . ." *Powell* v. *Wood*, 182 *Ga.* 630 (186 S. E. 675). A petition for modification must show the facts relied on to authorize the relief desired; and the petition must show that the facts and circumstances relied on have occurred since the date of the alimony judgment, in the case of a first petition for revision, and since the date of the former application, in the case of a subsequent petition. See 27 C. J. S. 1093, § 278 (b); 18 A. L. R. 2d 13-91.

The petition in the present case is vague and indefinite as to any change in the husband's financial status since the alimony award. It is alleged that the wife asserted in her petition for divorce and alimony that the husband was capable of earning approximately $400 per month. He states that he now has an income of $265 per month. It is not alleged that the husband actually had an income of $400 at the time of the alimony action, which has been reduced to $265. His petition must be construed most strongly against him on general demurrer. If the husband was not making $400 per month at the time of the alimony action, and the judgment was awarded on the basis of this alleged income, any question as to excessiveness of the alimony judgment should have been reviewed in the manner provided by law, and not by a subsequent action for modification of the judgment. Hein *v.* Hein, 127 Conn. 503 (18 Atl. 2d 374).

It is alleged that the husband has become heavily indebted. This allegation is too incomplete to sustain the petition for modification. It is not shown what indebtedness the husband has incurred; it is not shown that the indebtedness was incurred in order to pay the alimony judgment, or to pay any necessary expenses of the husband. A man might become heavily indebted in order to acquire assets for himself, and such indebtedness

would be no cause for a reduction in his alimony payments to support his former wife and minor children. Webber *v.* Webber, 156 Fla. 396 (23 So. 2d 388); Brown *v.* Brown, 62 R. I. 375 (6 Atl. 2d 144).

The final allegation is that "his financial status is not as good as it was at the time of the divorce." This allegation is wholly insufficient to state a cause of action for the modification of an alimony judgment. It does not even indicate that the husband's financial status has been *substantially* changed. Under the allegations of the petition, his present assets may have a value of $5 less than the value of his assets at the time the alimony judgment was entered. In order to justify the reduction or increase in an award of alimony, it must appear that there has been a "substantial" change in the husband's "income and financial status." Code (Ann.) § 30-221. Compare Keyser *v.* Keyser, 193 Iowa 16 (186 N. W. 438); Aiken *v.* Aiken, 221 Ala. 67 (127 So. 819).

The petition in the present case fails to set out the facts on which the husband relies to authorize a reduction in alimony payments for his former wife and minor children, and it was error to overrule the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*