### 20967. WETHERINGTON v. WETHERINGTON.

DUCKWORTH, Chief Justice. The exception is to a judgment sustaining a general demurrer to the petition of the divorced husband, seeking to set aside the decree of divorce and alimony, a reduction in the amount of alimony, custody of the minor children, and to enjoin the mother from taking the children out of the State. *Held:*

1. The petition showing that the petitioner acknowledged service of the divorce petition, consented that the divorce case be tried "after the appearance date," entered an agreement to support the children, and consented to the wife's custody of the children, and he failed to inform the court that the parties were cohabiting, he alleging that the decree was procured by the perpetration of a fraud upon the court that they were living separate, although in truth they were at the time living together, the petitioner shows that by the foregoing recited acts of his he aided in procuring the decree. He is thereby estopped to complain. *Code* §§ 37-104, 37-116; *Don v. Don,* 162 Ga. 240 (133 S. E. 242); *Bennett v. Bennett,* 210 Ga. 721 (82 S. E. 2d 653). His conduct shows collusion in obtaining the decree, and he is estopped to attack it. *Fender v. Crosby,* 209 Ga. 896 (76 S. E. 2d 769).

2. The mere general allegation that he is unable to pay the amount of alimony fixed in the decree fails to state facts to constitute a case of inability to pay because of a change in condition. *Welch v. Welch,* 213 Ga. 589 (100 S. E. 2d 431). The allegations with reference to a change of conditions upon which custody of the children was awarded contains the same

infirmity. It shows no act or conduct of the mother that creates a moral condition that is different from what it was when custody was awarded to her. The allegations being insufficient to warrant any of the relief sought, it was not error to sustain the demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 11, 1960—DECIDED SEPTEMBER 12, 1960.

*Eberhardt, Franklin, Barham & Coleman,* for plaintiff in error.
*Walker & Yancey, Reuben H. Yancey,* contra.