## 22359. PERRY v. WILLIAMSON.

CANDLER, Justice. The parties to this litigation were divorced in the Superior Court of Dougherty County on September 18, 1961. The judgment required Perry to pay his divorced wife as alimony and for the support of their two children then 5 and 2 years old the sum of $225 per month until the children reached majority, married or became self-supporting

and after then $100 per month if she had not remarried. On August 17, 1963, Perry filed a petition in the same court to modify and revise the judgment. It alleges that he had married again and his wife is pregnant; that his former wife had also remarried; and that there had been a change in his capacity to pay in full the monthly amount fixed by the judgment. His petition was dismissed on general demurrer and the exception is to that judgment. *Held:*

A final judgment for alimony or child support or both may be modified and revised, either upward or downward, when there has been a substantial change in the income and financial status of the husband or father since it was rendered. Ga. L. 1955, pp. 630, 631 (*Code Ann.* § 30-221). This Act makes no provision for modifying and revising such a judgment for any other reason. *Kendrick v. Kendrick,* 218 Ga. 284 (127 SE2d 379). But a petition to modify and revise such a judgment must plainly, fully and distinctly allege the facts upon which the petitioner relies for such relief; otherwise, it is subject to general demurrer. *Welch v. Welch,* 213 Ga. 589 (2) (100 SE2d 431). In the instant case the petitioner alleges no facts which show or tend to show any change in his financial status since the judgment he seeks to modify and revise was rendered, and for that reason, it fails to state a cause of action for the relief sought and the court did not err, as contended, in dismissing it on demurrer. See, in this connection, *Blalock v. Blalock,* 214 Ga. 586 (4) (105 SE2d 721), where it was held that an alimony decree awarding a given sum for the support of the wife and children cannot be prorated among them so as to separate the amount awarded to the wife and to the children.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 10, 1964—DECIDED FEBRUARY 18, 1964.

*Farkas, Landau & Davis, Leonard Farkas, Jr.,* for plaintiff in error.

*W. Ken Askew,* contra.