23199. SCHUSTER v. SCHUSTER.

ARGUED NOVEMBER 8, 1965—DECIDED JANUARY 6, 1966.

*Lester & Lester, James L. Lester,* for appellant.

*Thurmond, Hester, Jolles & McElmurray, Thomas R. Burnside, Jr.,* for appellee.

MOBLEY, Justice. Raymond H. Schuster, Jr. brought an action against his former wife, Edvige J. Schuster, seeking to modify the terms of a divorce decree to reduce his monetary obligation for alimony. At the hearing on the petition for modification, the only evidence presented consisted of testimony by the plaintiff along with certain documentary evidence. No jury having been demanded by either party, the trial judge found that plaintiff had incurred a substantial reduction in income and financial status since the entry of the original decree of divorce and alimony and entered a judgment in favor of the plaintiff reducing the amount of alimony to be paid his former wife by $100 per month, so that plaintiff would be required to pay her $26.93 per week rather than $50 per week as provided in the original decree. The judge did not change plaintiff's obligation to pay child support of $50 per week provided in the original decree. The defendant filed a motion for new trial on the general grounds. The trial court overruled the motion for new trial and defendant, appellant, excepted to that order.

1. The sole question is whether the lower court erred in overruling appellant's motion for new trial. Where the motion for new trial is based solely upon the general grounds and there is some evidence to support the verdict, the judgment overruling the motion for new trial is not error. *Shaw v. Miller,* 213 Ga. 511, 513 (100 SE2d 179); *Kendrick v. Kendrick,* 218 Ga. 460, 461 (128 SE2d 496); *Andrews v. Dilano,* 206 Ga. 83 (55 SE2d 605). This rule is applicable in cases where the trial judge is

the trior of fact. *Stallings v. Britt,* 204 Ga. 250 (3) (49 SE2d 517).

To authorize a modification of alimony it must appear that there has been a substantial change in the husband's income or in his financial status. *Code Ann.* §§ 30-220, 30-221 (Ga. L. 1955, pp. 630, 631; 1964, pp. 713, 714). *Welch v. Welch,* 213 Ga. 589, 593 (100 SE2d 431); *Perry v. Perry,* 213 Ga. 847 (102 SE2d 534). The crux of the matter is whether or not there has been a substantial change in the husband's ability to pay the alimony required by the original decree. *Perry v. Perry,* supra.

The question then is whether there is some or any evidence to show a substantial change in plaintiff's ability to pay the original alimony. To support a judgment reducing the amount of alimony it must be shown that his ability to pay was diminished. The plaintiff testified that his income for the year 1959 was $34,822, for 1960, the year the original decree was entered, his income was $25,841, for 1961 his income was $25,396, for 1962 his income was $18,150, for 1963 his income was $19,739, and for 1964 his income was $14,595. It appeared that plaintiff had left the employ of a mill company to go into the textile waste business on his own in 1962. He further testified that he had no reason to anticipate any immediate increase in the foreseeable future in the income he would receive. It was brought out that plaintiff owned considerable assets in stock and other properties.

Having read the testimony and reviewed all the evidence, we hold that there is some evidence showing that there had been a substantial change in the husband's ability to pay alimony. We note in particular that plaintiff's annual income decreased approximately $5,000 from 1963 to 1964 and that he had no reason to anticipate any immediate increase in future income. This evidence stands uncontradicted and is sufficient to authorize the judgment lowering alimony even though he also testified to matters showing that he enjoyed a fairly high standard of living in that he had bought a $27,000 house in 1961, with a present equity of approximately $7,000, and two late model automobiles in 1963, that he employed the services of a maid for $22 a week, that he owned shares of stock worth about

$4,512.50 along with cash and other assets, and that, although he had remarried, his present wife's former husband paid the support of his wife's children under a divorce decree and plaintiff had not adopted these children. The evidence, though slight, of a substantial change in plaintiff's ability to pay alimony, precludes this court from disturbing the ruling of the lower court. See *Smith v. Merck*, 206 Ga. 361 (4) (57 SE2d 326). For these reasons we hold that the court did not err in overruling appellant's motion for new trial.

*Judgment affirmed. All the Justices concur, except Candler, P. J., who dissents.*