### 23607. HOLLAND v. HOLLAND (STRAYHORN).

MOBLEY, Justice. This appeal is from an order of the lower court sustaining a general demurrer to appellant's petition for the modification of an alimony decree, requiring appellant to pay his former wife $10 per week alimony, by striking these payments from the decree. Appellant, whose business is the operation of a chicken farm, alleges that there has been a material change in his financial status since the granting of the final decree in June 1964 in that ". . . in 1964 (he) was earning grossly from the farm about $9,115.78 and in 1965 gross about $8,000 and at the time of filing of this application in March 1966, plaintiff was earning a gross of about $200 per month." He also alleges that he has not contributed to the material change and that "due to his loss of earnings on the farm, it has been necessary to borrow money for operational purposes and plaintiff is unable to pay this obligation." *Held:*

1. The trial court did not err in sustaining the general demurrer to the petition. In order to state a cause of action to modify a judgment awarding permanent alimony it must be shown that there has been a substantial change in the income or financial status of the husband which change affects the husband's ability to pay the amount previously awarded. *Code Ann.* § 30-220, 30-221 (Ga. L. 1955, pp. 630, 631; 1964, pp. 713, 714); *Perry v. Perry*, 213 Ga. 847, 852 (102 SE2d 534); *Welch v. Welch*, 213 Ga. 589 (100 SE2d 431); *Schuster v. Schuster*, 221 Ga. 614 (146 SE2d 636). The allegations as to changes in the gross earnings of petitioner are too vague and indefinite to show the requisite change in financial status. The gross earnings of a business or company are the total receipts before deducting expenditures. State v. St. Paul &c. R. Co., 30 Minn. 311 (15 NW 307). Other jurisdictions have held the term gross earnings means ". . . entire earnings, without deductions for expenses incurred . . ." State v. United Electric L. & W. Co., 90 Conn. 452 (97 A 857); ". . . gross income," Hamilton Nat. Bank v. District of Columbia, 156 F2d 843, 844; Alexander v. Alexander, 64 F Supp. 123, 127 (Kan.); and, ". . . the entire earnings, receipts or the like under consideration, without any deduction." State v. Hallenberg-Wagner Motor Co., 341 Mo. 771 (108 SW2d 398). It is generally recognized and we hold that gross earnings from the operation of plaintiff's chicken business means the entire earnings therefrom without deduction of expenses incurred. Construing the petition most strongly against the pleader as we must (*East Ga. Motor Club v. A. A. A. Finance Co.*, 212 Ga. 408, 410 (93 SE2d 337); *Richmond Concrete Products Co. v. Ward*, 212 Ga. 773, 775 (95 SE2d 677)), it is consistent with the theory that petitioner's net income, that is, his income after deducting business expenditures, has not changed at all since there are no allegations showing the amount of such expenditures for the periods involved. His net earnings in 1964 and 1965, when his gross earnings were approximately $9,000 and $8,000 respectively, could be less than in 1966 when he has had gross earnings for the first three months at the rate of $2,400 per year. The allegations as to gross earnings are not sufficient to support the conclusion that petitioner is unable to pay his obligations as they do not show any substantial change in his income or financial status affecting his ability to pay his wife $10 per week.

*Wetherington . v. Wetherington,* 216 Ga. 325 (2) (116 SE2d 234) ; *Perry v. Williamson,* 219 Ga. 701, 702 (135 SE2d 412). *Judgment affirmed. All the Justices concur.*
Submitted July 12, 1966—Decided September 9, 1966.

*C. Winfred Smith,* for appellant.
*C. D. Stewart, Stewart, Sartain, & Carey,* .for appellee.