26085.   McBRAYER v. McBRAYER.

HAWES, Justice. John Talmadge McBrayer applied to the Superior Court of Fulton County for a judgment declaring that his obligation to pay alimony to Catherine Baxter McBrayer had terminated by reason of her remarriage. Mrs. McBrayer filed an answer denying her remarriage and by amendment set up that the plaintiff was in arrears in the payment of alimony due under the original decree and she prayed for a judgment against the plaintiff in the amount then due. By amendment the amount for which she sought a judgment was increased to cover the periodic payments which had accrued up to the time of the trial and on the trial it was stipulated that if the plaintiff was obligated to pay the defendant alimony he was in arrears in the principal amount of $6,150. On the trial of the case evidence as to issues which were not made by the complaint and the answer thereto was admitted without objection, and at the conclusion of the trial the court directed a verdict for the defendant on the plaintiff's complaint and directed a verdict for the defendant for the principal amount which had been stipulated as being the amount the plaintiff was in arrears plus accrued interest. Judgment was entered on the verdict so directed, and after his motion for new trial was

overruled the plaintiff appealed to this court.

1. There was no evidence of any probative value which in any way tended to prove that the defendant had remarried. The evidence in this regard, taken with all the reasonable deductions and inferences therefrom, showed, at most, that the defendant had been observed in the company of a named man who had visited her at her apartment for a period of several years after the divorce and whom she had visited on three or four occasions in distant cities. There was not one scintilla of evidence that she and this man had ever held themselves out to be man and wife, or that they had cohabited together. There was no direct evidence of any agreement per verba de presenti to be married or that such an agreement had been consummated by cohabitation. *Askew v. Dupree,* 30 Ga. 173, 178; *Chance v. Chance,* 60 Ga. App. 889, 890 (5 SE2d 399); *Hayes v. Hay,* 92 Ga. App. 88, 92 (88 SE2d 306).

2. Upon the trial of an application for modification of an alimony decree, the only issue is whether there has been such a change in the income or financial status of the husband as to warrant a modification and revision of the original decree, either upward or downward, as the case may be. *Code Ann.* §§ 30-220, 30-221; *Schuster v. Schuster,* 221 Ga. 614, 615 (146 SE2d 636); and *Holland v. Holland,* 222 Ga. 467, 468 (150 SE2d 673). Therefore, evidence as to increased earnings of the wife did not authorize or require a change in the amount of alimony which she was entitled to receive in the absence of evidence as to a change in the income or financial status of the husband. There was no such evidence in this case.

3. In such a case, "the merits of whether the wife . . . [is] entitled [to] alimony and support are not in issue." *Code Ann.* § 30-221. Accordingly, assuming, but not deciding, that the evidence showed that the wife had indulged in illicit relations with a man to whom she was not married, it was not relevant to any issue as to whether the alimony awarded by the previous decree should be continued.

4. The parties having stipulated as to the amount by which the plaintiff was in arrears in the payment of sums due under the previous decree awarding alimony to the wife, it was not error

to enter a judgment for the wife in that amount, plus accrued interest.

*Judgment affirmed. All the Justices concur.*
SUBMITTED OCTOBER 14, 1970—DECIDED JANUARY 29, 1971.

*James L. Flemister, Stone & Stone, Noah J. Stone,* for appellant.
*Poole, Pearce & Cooper, William F. Lozier,* for appellee.