### 30654. STILTZ v. STILTZ.

INGRAM, Justice.

Appellant filed the present action in Cobb Superior Court seeking a reduction in his periodic alimony payments to appellee, his former wife. They were divorced in 1965 and the decree entered at that time (based on an agreement between the parties) required him to pay $300 per month alimony and the sum of $175 per month child support.

In a 1967 modification case filed by appellant, the jury reduced his alimony payments to $150 per month but left undisturbed the amount of the monthly child support. Appellant no longer pays child support as the only child of the parties has reached the age of majority and is self-supporting. Thus, the present action sought only to reduce the present alimony payments of $150 a month to the former wife who has not remarried and was in ill health and unemployed at the time of the trial court's consideration of the case.

Both parties agreed for the trial judge to hear and determine this case without the intervention of a jury. The trial judge, after considering evidence and briefs of law submitted on behalf of both parties, entered an order, with findings of fact and conclusions of law, denying the prayers for modification. The former husband appeals and asserts three reasons for his contention that the trial court erred in not reducing his monthly alimony payments to his former wife.

Appellant first argues that under the law (Code Ann. § 30-220) he is required to show an adverse change in his income and financial status only by "satisfactory proof" rather than by a "preponderance of the evidence" which he contends the trial judge erroneously applied to the evidence in this case. Appellant bases this argument on that part of the statute which says that after a hearing, "the judge . . . may modify and revise the previous judgment . . . in accordance with the changed income and financial status of the husband, if such a change . . . is satisfactorily proved, . . ."

Did the trial judge err in requiring appellant to prove his case by a preponderance of the evidence? We think not. The same general rules of procedure applicable to divorce cases apply to proceedings brought under Code Ann. § 30-220 for revision of permanent alimony judgments. The language of the statute relied on by appellant does not reduce the required burden of proof to less than a preponderance of the evidence. Instead, we think it is implicit in the statute that the petitioner must "satisfactorily prove" his or her case by a preponderance of the evidence. Otherwise, a solemn judgment previously entered by the court could be altered by proof comprised of less than the greater weight of the evidence. We are not persuaded the General Assembly intended a lesser standard of proof to modify a judgment than the standard required to obtain it in the first instance. Under our view of the statute, the trial court correctly ruled that appellant had the burden of satisfactorily proving his case by a preponderance of the evidence.

Appellant also argues the trial court erred in taking into consideration the appellee's financial needs because, under Code Ann. § 30-221, the only issue before the court

was whether there had been a substantial change in appellant's ability to pay the monthly alimony. See *Schuster v. Schuster,* 221 Ga. 614, 615 (146 SE2d 636) (1966). In *McBrayer v. McBrayer,* 227 Ga. 224 (2) (179 SE2d 772) (1971), this court cited *Schuster,* supra, and *Holland v. Holland,* 222 Ga. 467, 468 (150 SE2d 673) (1966) in stating the issue as presented by appellant. However, the court in *McBrayer,* went on to say that "evidence as to increased earnings of the wife did not authorize a change in the amount of alimony . . . in the absence of evidence as to a change in the income or financial status of the husband." Thus it is clear that unless there is evidence of a substantial change in the husband's ability to pay, evidence of the wife's income and financial status becomes immaterial. But the statute (Code Ann. § 30-220) itself provides that "testimony may be given and evidence introduced relative to the income and financial status of the wife." Consequently, after appellant introduced evidence to show a substantial change in his income and financial status, the trial court correctly received and considered evidence of the wife's income and financial status. No error appears here.

We consider next appellant's contention that the trial court erred in determining that appellant had abandoned gainful employment in order to circumvent his obligation to pay the monthly alimony to appellee and therefore was not entitled to relief. The trial court did rule, in effect, that appellant's decision to enroll in a seminary to prepare himself for the ministry could not be used to justify his loss of income necessary to pay alimony when he was capable of earning a sufficient sum to pay it.

Appellant has previously been employed in the aerospace and mobile home industries but was unemployed at the time of the hearing when he revealed his plans to enter the ministry. This presents a difficult situation because appellant feels he cannot pursue his plans for the ministry and also earn a sufficient sum of money to sustain himself and pay $150 a month alimony to his former wife at the same time. However, we have no choice in the matter as we have no authority to relieve appellant of his obligations even for the worthy purpose of entering the ministry. He took on the obligation to

support his wife beyond their marriage and must continue to honor that obligation under the trial court's judgment in this case. We find no merit in this contention by appellant. Cf. *Hamner v. Hamner,* 223 Ga. 463 (156 SE2d 19) (1967).

The evidence authorized the trial court to find that appellant was mentally and physically capable of earning sufficient monies to make the alimony payments to the appellee and that there had not been a substantial change in his ability to pay the alimony. Since the evidence does not demand a finding in favor of appellant, we cannot hold the trial judge, as the arbiter of law and fact, abused his discretion in this case. See *McCoy v. Pinnell,* 231 Ga. 648 (203 SE2d 529) (1974). Also, see *Knox v. Knox,* 225 Ga. 481 (1) (169 SE2d 805) (1969).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 9, 1976 — DECIDED FEBRUARY 17, 1976.

*Smith, Robertson & Sparrow, George T. Smith,* for appellant.

*Custer, Smith & Manning, Lawrence Custer,* for appellee.