## S03F0932. STAFFON v. STAFFON.
### (587 SE2d 630)

SEARS, Presiding Justice.

Appellant Clinton Staffon appeals from the trial court's denial of his request for a modification or suspension of his child support obligations, claiming that his incarceration following a criminal conviction has rendered him unable to earn an income. Having considered precedent from this and other states, we conclude that a child support obligor's imprisonment for voluntary criminal acts is not grounds for a downward modification of child support obligations. Therefore, we affirm.

Appellant and his ex-wife, Serina Staffon, were divorced on July 16, 2001. All issues pertaining to the divorce, including child support and the division of marital property, were settled by agreement between the parties. The final decree obligated appellant to pay $648 per month in child support for the couple's one minor child. At the time of the decree's entry, appellant was employed full-time and earned almost $40,000 a year. The decree divided the couple's equity in the marital home equally, gave Serina exclusive use of the home, and made Serina responsible for mortgage, certain utility and tax payments relative to the home.

At the time of the decree's entry, appellant was under indictment for felony drug possession and had been released under bond pending trial. Appellant made timely child support payments until September 13, 2001, when, following his conviction for drug possession, he began serving a six-year sentence in the penitentiary. Since that time, he has made no support payments. In October 2001, appellant transferred his one-half interest in the equity in the marital home to his attorney in satisfaction of attorney fees. Appellant then filed a motion with the superior court, claiming that a substantial downward change in his income while incarcerated warranted a modifica-

tion or suspension of his child support obligations. Appellant asked that he be relieved of all support obligations while incarcerated, and that he be ordered to pay 20 percent of his gross earnings beginning 90 days after his release. Relying upon precedent, the trial court held that incarceration does not provide a basis for a downward modification of child support, and appellant's request was denied.

1. There is, of course, a compelling societal interest in "ensuring that adequate support is provided for Georgia's children whose parents are divorced or separated."[1] In this regard, child support is an obligation owed by divorced or separated parents not only to their children, but also to society at large.

2. OCGA § 19-6-19 provides in part that a downward modification of child support payments may be warranted — but is not mandated — upon a showing of a substantial decrease in the obligor's income after entry of the divorce decree.[2] This Court has not specifically addressed whether a substantial decrease in income due to incarceration following conviction for criminal conduct warrants a modification of child support obligations. We have, however, addressed the impact of incarceration on parental responsibilities and rights generally. For example, in *Chandler v. Cochran*,[3] an imprisoned father appealed the termination of his parental rights in connection with a third party's adoption of his child based in part on his failure to provide adequate care and support while incarcerated following criminal conviction. In rejecting the father's claims on appeal, this Court stated:

> it is well settled that no person can object to the natural consequences of his own act voluntarily performed. It would emasculate our child-support laws to relieve parents of their natural and statutory child-support obligations because they have voluntarily committed offenses resulting in their imprisonment and possible inability to earn funds with which to support their children.[4]

The Court of Appeals applied similar reasoning in *Turner v. Wright*[5] when rejecting the appeal of an incarcerated father who, having abandoned his opportunity interest in being a father to his child, was deemed to be unfit for parenthood. The father claimed that his neglect of the child should have been excused because he was

---

[1] *Georgia Dept. of Human Resources v. Sweat*, 276 Ga. 627, 629 (580 SE2d 206) (2003).

[2] *Wright v. Wright*, 246 Ga. 81, 82 (268 SE2d 666) (1980); *Cowan v. Cowan*, 243 Ga. 25, 26 (252 SE2d 454) (1979).

[3] 247 Ga. 184 (275 SE2d 23) (1981).

[4] *Chandler*, 247 Ga. at 187.

[5] 217 Ga. App. 368 (457 SE2d 575) (1995).

imprisoned shortly after the child was conceived, and therefore was unable to pursue his commitment to, or provide support for, his child. The Court of Appeals rejected that argument, holding that the father's incarceration and his resulting inability to fulfill the responsibilities of parenthood were due solely to his own voluntary criminal conduct and offered no basis for him to object to the termination of his parental rights.[6]

When read in conjunction with our precedent addressing the societal importance attached to ensuring the provision of proper support for the children of this state, these cases lead us to conclude that Georgia's public policy does not permit parents to avoid their obligation to support their children due to incarceration for voluntary criminal acts. Stated somewhat differently, loss of income due to imprisonment does not constitute a material change of circumstances that would provide grounds for a downward modification of child support obligations.

A number of other states have considered this issue and have held that a parent may not avoid their child support obligations while incarcerated due to their illegal conduct.[7] These cases have held that voluntary criminal acts resulting in conviction and a prison sentence cannot excuse or alter the obligation to pay child support.

---

[6] 217 Ga. at 369. In an analogous situation, this Court considered the case of a father who voluntarily left his position in corporate industry and became unemployed while making plans to enter the ministry. Claiming a significant drop in income, the father sought a downward modification of his alimony obligations, and the trial court properly rejected that request. "[Appellant] took on the obligation to support his wife beyond their marriage and must continue to honor that obligation. . . . Appellant was mentally and physically capable of earning sufficient monies to make the alimony payments," and his voluntary choice to leave gainful employment did not warrant a downward modification. *Stiltz v. Stiltz*, 236 Ga. 308, 310-311 (223 SE2d 689) (1976). In the present case, we concede that appellant does not currently have the physical capability to earn an income. Nonetheless, *Stiltz* supports our conclusion that where the natural and foreseeable consequences of voluntary conduct places a child support obligor in a position where he is unable to earn an income, a downward modification is not warranted.

[7] At least 17 jurisdictions that have considered this issue adhere to this approach, including: Arizona, see *State ex rel. Dep't of Econ. Sec. v. Ayala*, 916 P2d 504, 508 (Ariz. Ct. App. 1996); Arkansas, see *Reid v. Reid*, 944 SW2d 559, 562 (Ark. Ct. App. 1997); Connecticut, see *Shipman v. Roberts*, No. FA000630559, 2001 Conn. Super. LEXIS 1653, at *27 (Conn. Super. Ct. June 7, 2001); Delaware, see *Division of Child Support Enf. ex rel. Harper v. Barrows*, 570 A2d 1180, 1183 (Del. 1990); Indiana, see *Davis v. Vance*, 574 NE2d 330, 331 (Ind. Ct. App. 1991); Kansas, see *In re Marriage of Thurmond*, 962 P2d 1064, 1073 (Kan. 1998); Kentucky, see *Commonwealth ex rel. Marshall v. Marshall*, 15 SW3d 396, 401 (Ky. Ct. App. 2000); Louisiana, see *State v. Nelson*, 587 S2d 176, 178 (La. Ct. App. 1991); Montana, see *Mooney v. Brennan*, 848 P2d 1020, 1023-1024 (Mont. 1993); New Hampshire, see *Noddin v. Noddin*, 455 A2d 151, 1053-1054 (N.H. 1983); New York, see *In the Matter of Knights*, 522 NE2d 1045, 1046 (N.Y. 1988); North Dakota, see *Koch v. Williams*, 456 NW2d 299, 302 (N.D. 1990); Ohio, see *Richardson v. Ballard*, 681 NE2d 507, 508 (Ohio Ct. App. 1996); Oklahoma, see *State ex rel. Jones v. Baggett*, 990 P2d 235, 245-246 (Okla. 1999); Oregon, see *Willis v. Willis*, 820 P2d 858, 860 (Ore. App. 1981); Pennsylvania, see *Yerkes v. Yerkes*, 824 A2d 1164 (Penn. 2003); and Utah, see *Proctor v. Proctor*, 773 P2d 1389, 1391 (Utah 1989).

We see no reason to offer criminals a reprieve from their child support obligations when we would not do the same for an obligor who voluntarily walks away from his job. . . . A person who has a support obligation should not profit from his criminal conduct, particularly at his child's expense. . . . [A f]ather should not be able to escape his financial obligation to his children simply because his misdeeds have placed him behind bars. The meter should continue to run. Accordingly, we hold the father's support obligation continues to accrue during his incarceration.[8]

This reasoning is sound and in line with Georgia's public policy favoring a child's security and maintenance. That policy is incongruous with the idea of permitting child support payments to be forestalled based upon a willful and criminal act of the obligor.

Appellant must take full responsibility for the crimes he committed and all the repercussions that accompany his breaking of the law. To abate the accumulation of appellant's support obligations while he is incarcerated would most certainly free him from some of those repercussions.[9] When people are incarcerated, they are not relieved of their other financial responsibilities, such as the making of restitution, car or mortgage payments, and the duty to support a child should be afforded at least the same legal status as these obligations. We realize that appellant's support payments will accrue while he is incarcerated; however, once he is released, he will be required to pay the arrearage within the limits of his income and assets at that time.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2003.

*Paul S. Weiner*, for appellant.
*Ferguson, Ferguson & Morris, Monroe Ferguson*, for appellee.

---

[8] *Willis*, 820 P2d at 860.

[9] Our decision today does not impose an additional punishment on appellant, it merely requires the continuation of that which appellant was bound under the law to do before being sentenced to prison. See *Mooney*, 848 P2d at 1022; *Davis*, 574 NE2d at 331.