## S09A0320. GRENEVITCH v. GRENEVITCH.
### (678 SE2d 87)

MELTON, Justice.

Larry Grenevitch ("Husband") appeals the trial court's dismissal of his petition to modify child support. Because a state of facts could be proven to support Husband's claim that his child support obligation for his eldest child ceased once the child turned 18, we reverse the trial court's dismissal of Husband's petition. See *Ledford v. Meyer*, 249 Ga. 407, 408 (2) (290 SE2d 908) (1982) (A motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that a party "would not be entitled to relief under any state of facts that could be proven in support of the claim.") (citation and punctuation omitted).

The record reveals that Husband and his wife, Elizabeth Grenevitch ("Wife"), were divorced pursuant to a December 26, 2007 final judgment and decree of divorce that incorporated terms expressly agreed to by the parties. Under the decree, Wife was awarded primary custody of the parties' four minor children, and Husband was obligated to pay $1,614.70 in monthly child support, with such payments to be made in equal installments on the first and sixteenth of each month. The child support payments would be

> due and payable in like fashion . . . until such time as the youngest minor child dies, marries, enters the military, attains the age of eighteen, or is otherwise emancipated, whichever first occurs; *provided, however*, that in the event that *any* of the minor children turn 18 years of age *while*

---

[25] *Thomason v. State*, 281 Ga. 429, 431 (637 SE2d 639) (2006); *Speed v. State*, 270 Ga. 688, 698 (512 SE2d 896) (1999).

*still in high school*, [Husband's] child support obligations shall continue for *that* child until such time as the child graduates from high school, but in no event to extend past the child's twentieth birthday.

(Emphasis supplied.)

Husband filed what he captioned as a "Complaint for Modification of Child Support." In it, however, Husband specifically averred that because "[t]he parties' eldest child . . . has turned eighteen years old . . . [Husband's] child support obligation for said child has ceased." Thus, the question presented in this case is whether, under any state of facts involving the parties' eldest child turning 18, Husband's child support obligations for that child could cease. The plain language of the final divorce decree indicates that the answer to that question is unequivocally yes. Specifically, the decree states that "in the event that *any* of the minor children turn 18 years of age *while still in high school*, [Husband's] child support obligations shall continue for *that* child until such time as the child graduates from high school." (Emphasis supplied.) Accordingly, Husband would have a continuing child support obligation for any 18-year-old child of his who was still in high school. If that 18-year-old child was *no longer in high school*, however, Husband's child support obligation for *that* child would cease. In this connection, a state of facts could have been proven that would have ended Husband's obligation to pay child support for the eldest child who turned eighteen. Specifically, if the 18-year-old child were no longer in high school, Husband would have no further obligation to pay child support for that child. Indeed, the decree is clear in this regard and there is no ambiguity here. The parties contemplated a change in Husband's child support obligations in the event that their eldest child turned 18 and was no longer in high school, and nothing in the final decree shows a contrary intention by the parties.

Interestingly, Husband's counsel pointed this fact out to the trial court at the hearing on Wife's motion to dismiss, stating that "[t]he child [in question] turned 18 [and] is no longer in high school. [The decree] very specifically says the child support shall cease at the time when the child . . . does turn 18." Unfortunately, by erroneously dismissing Husband's complaint, the trial court never gave counsel an opportunity to present evidence showing that the child who had turned 18 was no longer in high school, which would have ended Husband's child support obligation for that child.

In light of the possibility that a state of facts could have been proven to show that Husband's obligation to pay child support for the parties' eldest child had ended, the trial court erred in dismissing

Husband's complaint for modification of child support.[1]

*Judgment reversed. All the Justices concur, except Hunstein, P. J., who dissents.*

HUNSTEIN, Presiding Justice, dissenting.

In his modification petition, Husband alleges nothing more than the single fact that his eldest child has attained the age of 18. This fact alone, whether or not supported by evidence, does not constitute a "substantial change in either parent's income and financial status or the needs of the child" as is required to sustain a petition for modification under OCGA § 19-6-15 (k) (1). See also former OCGA § 19-6-19 (a). Accordingly, contrary to the majority's conclusion, I believe the trial court was correct in dismissing the petition. See *Perry v. Williamson*, 219 Ga. 701 (135 SE2d 412) (1964) (affirming dismissal of modification petition for failure to allege sufficient basis therefor).

Even more troubling than the majority's reversal of the trial court's dismissal, however, is its declaration that the inartfully phrased child support provision in the parties' divorce decree is "unequivocal" in terminating Husband's child support obligation for each child upon the child's attainment of the age of 18 and completion of high school. Such a construction fails to acknowledge or attempt to assign meaning to the first clause of the child support provision, which states plainly, and in arguable contrast to the latter clause, that the prescribed payments are to continue "in like kind and fashion . . . until . . . the *youngest* minor child . . . attains the age of eighteen." (Emphasis supplied.) It is a well established maxim that courts " 'should avoid any construction that renders portions of the contract language meaningless. (Cit.)' [Cit.]" *Horwitz v. Weil*, 275 Ga. 467, 468 (569 SE2d 515) (2002). Assuming arguendo, as the majority finds, that Husband's petition properly states a claim for modification of child support, further adjudication of the merits should depend on a thoughtful inquiry into the meaning of the child support provision, utilizing the applicable rules of construction in conjunction with any evidence presented as to the parties' intent. See id. (applying rules of construction to ascertain meaning of ambiguous provisions of settlement agreement); *Rodgers v. Rodgers*, 234 Ga. 463, 464 (216 SE2d 322) (1975) (where settlement agreement susceptible of more than one meaning, "intention of the parties at the time the agreement was made, as determined by all the

---

[1] In this regard, because Wife is not the prevailing party here, the trial court also was not authorized to award Wife attorney fees. OCGA § 19-6-15 (k) (5); *Magnetic Resonance Plus v. Imaging Systems Intl.*, 273 Ga. 525 (3) (543 SE2d 32) (2001).

evidence, becomes material"). The majority unnecessarily bypasses this inquiry.

For these reasons, I must respectfully dissent.

DECIDED JUNE 8, 2009.

*Meriwether & Tharp, Patrick L. Meriwether, Sarah L. Kass*, for appellant.

Elizabeth Grenevitch, *pro se*.