## 44182.  BRACKETT v. H. R. BLOCK & COMPANY.

Deen, Judge.  1.  Where a motion to dismiss the plaintiff's petition for failure to state a claim on which relief may be granted (*Code Ann.* § 81A-112 (b) (6)) is supported by affidavits or depositions it should be treated as a motion for summary judgment. Suckow Borax Mines Consolidated v. Borax Consolidated, 185 F2d 196. Where, however, no motion for summary judgment is made, and where it appears from the order of the trial court that judgment was entered on consideration of the petition only, without reference to the defendant's pleadings or the affidavit contained in the record, the appellate court cannot broaden the base of the trial court's ruling but will look only to the petition to determine whether the petition should have been dismissed.

2. Under the Civil Practice Act, "if the complaint can be said to give notice of any claim which the plaintiff may have against the defendant that could be sustained by proper proof it should not be dismissed. . . Now the deposition and discovery procedure . . . and the pre-trial conference . . . afford a much more efficient method of getting at the facts than pleadings ever offered, and they also bear much of the burden of making up the issues, so that the real office which the pleadings continue to serve is that of giving notice." *Hunter v. A-1 Bonding Service*, 118 Ga. App. 498, 499 (164 SE2d 246) quoting from 2A Moore's Federal Practice, p. 1703, § 8.13; *Harper v. DeFreitas*, 117 Ga. App. 236 (1) (160 SE2d 260); *Byrd v. Ford Motor Co.*, 118 Ga. App. 333 (163 SE2d 327).

3. The petition here alleges that the defendant corporation holds itself out as offering expert services in making income tax returns to individuals; that plaintiff has been recently widowed and certain property set aside to her· as year's support the proceeds of which on sale were not taxable as capital gains; that the defendant negligently so figured her tax as to include amounts recovered from the sale of this property and the resulting income tax figure was so high that she was forced to sell her other property in order to pay it; that subsequently she discovered the defendant's error but was forced to hire an attorney in order to recover the sum so paid, and that the defendant's "tortious conduct" was a "careless and wilful act." At this stage of the litigation it cannot be said

that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U. S. 41, 45 (78 SC 99, 2 LE2d 80); *American Southern Ins. Co. v. Kirkland*, 118 Ga. App. 170 (162 SE2d 862). It was error to dismiss the petition on motion.

3. A motion to strike certain paragraphs of the petition was sustained and this question, not being argued by the appellant, is treated as abandoned. The effect of this ruling is that under the law of the case paragraphs 10 and 16 of the petition relating to the selling of other property by the plaintiff in order to pay the tax must be deleted, but nothing therein alleged is indispensable to the claim stated.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED JANUARY 9, 1969—DECIDED FEBRUARY 4, 1969.

*William T. Brooks*, for appellant.
*Long, Weinberg & Ansley, John K. Dunlap*, for appellee.