### 53106. GUTHRIE et al. v. MONUMENTAL PROPERTIES, INC. et al.

Webb, Judge.

1. This is a companion case to No. 53107, p. 25, which we dismiss for lack of an appealable judgment. The instant appeal is from an order granting the motion for summary judgment of defendant Monumental Properties, Inc., and is appealable by virtue of Code Ann. § 81A-156 (h). Accordingly the motion to dismiss this appeal must be denied.

2. The complaint alleges that on October 23, 1973, Vickie Davis was the guest of Suzanne Arrowood, a tenant at an apartment complex known as Woodlake Apartments; that on that date the two went wading in a pool at the complex which contained electric lights and other electrical equipment; that while wading Vickie received an electrical shock which caused her death; that "[a]t all times herein material defendants Monumental Properties, Inc. and Monumental Properties of Georgia,

Inc. owned and operated" the apartment complex; and that the death of Vickie was caused by their failure to maintain the pool and equipment in a safe condition.

In answers to interrogatories defendants stated that Monumental of Georgia owned the premises on October 23; and being thus armed, Monumental Properties, Inc., the other corporation, contends that it is entitled to summary judgment because it did not own the premises at the time in question. It has made no showing, however, that it did not, as alleged in the complaint, *operate* the complex, and that it was not for this reason responsible for the defective condition. Hence while defendant-movant has made a prima facie showing as to ownership of the premises, it has failed to negative liability based upon operation and control. Code Ann. § 105-401 and annotations.

Since pleadings which have not been pierced create issues for jury resolution (*Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783, 784 (2) (195 SE2d 277) (1972); *Vitiaz v. Chrysler Credit Corp.,* 135 Ga. App. 606 (3b) (218 SE2d 313) (1975)), it was incumbent upon defendant to negate liability based upon operation and control "even to the extent of affirmatively proving a negative." *Home Mart Bldg. Centers v. Jones,* 133 Ga. App. 822 (212 SE2d 476) (1975). Accord, *Duval & Co. v. Malcom,* 233 Ga. 784, 787 (214 SE2d 356) (1975); *Henderson v. Atlanta Transit System,* 133 Ga. App. 354, 356 (1) (210 SE2d 845) (1974). Until it did so no burden was cast upon plaintiffs, as respondents, to support their pleadings. Code Ann. § 81A-156 (e); *Shadix v. Dowdney,* 117 Ga. App. 720 (162 SE2d 245) (1968). "Until the moving party produces evidence or materials which prima facie pierce the pleadings of the opposing party, no duty rests upon the opposing party to produce any counter evidence or materials in affirmative support of its side of the issue as made by the pleadings." *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420 (2) (170 SE2d 737) (1969). "Respondent may resist by doing nothing, relying on the failure of the movant to remove all issues of fact from the case. . ." *Benefield v. Malone,* 110 Ga. App. 607, 610 (139 SE2d 500) (1964); *Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783, 784, supra. Accord, *Southern*

*Protective Products Co. v. Leasing International,* 134 Ga. App. 945, 946 (1) (216 SE2d 725) (1975). "The burden of proof always lies with the movant for summary judgment and this burden must be carried by movant before the opposing party is required to refute the evidence submitted by the movant." *Watkins Products, Inc. v. England,* 123 Ga. App. 179, 180 (3) (180 SE2d 265) (1971).

In order to circumvent these well-established rules and excuse its failure to show lack of control, defendant contends that it was improper for plaintiffs to plead these matters in general and conclusory form. This contention is without merit. While conclusions may not generally be used in *affidavits* to support or oppose summary judgment motions (*Resolute Ins. Co. v. Norbo Trading Corp.,* 118 Ga. App. 737 (165 SE2d 441) (1968)), conclusions may generally be *pleaded* under the Civil Practice Act. "Under this 'notice' theory of pleading it is immaterial whether a pleading states 'conclusions' or 'facts' as long as fair notice is given, and the statement of claim is short and plain." 2A Moore's Federal Practice, 1698 (2d Ed. 1975). "[T]he true test is whether the pleading gives fair notice and states the elements of the claim plainly and succinctly, and not whether as an abstract matter it states 'conclusions' or 'facts'." 2A Moore's Federal Practice, supra, 1700. "[T]here are no prohibitions in the rules against pleading conclusions and, if pleaded, they may be considered in determining whether a complaint sufficiently states a claim for relief. It is immaterial whether an allegation is one of fact or conclusion if the complaint effectively states a claim for relief." 1 Kooman, Federal Civil Practice, 250. Accord, Davis & Shulman's Georgia Practice & Procedure § 2-5 (4th Ed. 1975).

Defendant suggests, citing *Hutchins v. Miller,* 138 Ga. App. 133 (225 SE2d 722) (1976), that it is proper on motion for summary judgment for the court to ignore conclusory allegations in pleadings. *Hutchins* does not support this statement. What *Hutchins* holds is that a party opposing the motion may not rely upon his pleadings alone, whether conclusory or not, where the motion is properly supported by the movant. The allegation involved there was disregarded not because it was conclusory but because, as we stated, it was

"unreinforced by any facts" in response to the movant's support of his motion as provided for by Code Ann. § 81A-156 (e). The filing of a motion for summary judgment does not change the rules as to sufficiency of pleadings. If it did, then the usual standards for determining the sufficiency of a complaint under a CPA § 12 (b) (6) motion would not be followed where summary judgment was moved for without supporting affidavits. But this is not the case. "If the motion is made by the defendant solely on the basis of the complaint the motion is functionally equivalent to a motion to dismiss for failure to state a claim under Rule 12(b)(6); the complaint should be liberally construed in favor of the complainant; the facts alleged in the complaint must be taken as true; and the motion for summary judgment must be denied if a claim has been pleaded." 6 Moore's Federal Practice 56-210 (2d Ed. 1976).

Thus tested, we deem sufficient as a matter of pleading the allegations that defendants "owned and operated" the complex. While defendant-movant has made a prima facie showing and shifted the burden to plaintiff as to ownership, it has made no showing as to operation and control. Since the pleading of this issue has not been pierced, it remains in the case and summary judgment was improperly granted.

*Judgment reversed. Deen, P. J., and Marshall, J., concur.*

ARGUED JANUARY 5, 1977 — DECIDED JANUARY 12, 1977.

*Jessee, Ritchie & Duncan, C. James Jessee, Jr., George E. Duncan, Jr.,* for appellants.

*N. Forrest Montet, Gambrell, Russell, Killorin & Forbes, David A. Handley, Jack O. Morse, Swift, Currie, McGhee & Hiers, W. Wray Eckl, Drake E. Chandler, Skinner, Wilson, Beals & Strickland, John V. Skinner, Jr., Hopkins, Gresham & Whitley, Thomas P. Gresham,* for appellees.