## 55737. HARDY et al. v. GORDON et al.

McMurray, Judge.

The plaintiffs (Hardy and Pettis) brought this action for damages for fraud and deceit against Don W. Gordon and Georgia Bank & Trust Company. The averments of plaintiffs' complaint are: Mr. Gordon was president of the defendant bank; that he was acting in his capacity as president and as agent of the defendant bank when he was asked for financial advice by plaintiff Hardy in connection with the proposed purchase of certain real property. Plaintiff Hardy furnished defendant Gordon with information relative to the income which the property in question could produce and sought defendant Gordon's advice as to the amount they should offer for the property. Defendant Gordon advised Plaintiff Hardy he should not offer more than $120,000 for the property; that in advising plaintiffs not to offer more than $120,000 for the property in question defendant Gordon made deceitful and false representations in that he knew the property was worth more than $120,000. Plaintiffs relied upon defendant Gordon's advice and made an offer of $120,000. Defendant Gordon made an offer of $135,000 and was purchaser of the property. As a direct result of defendant Gordon's misrepresentations and breach of his fiduciary duty to plaintiffs, they have suffered damages in the amount of $25,000. Defendant Gordon had no knowledge about the property in question or that it was up for sale prior to their inquiry, and their consultation with Gordon who was acting in his capacity as president and agent of the bank, with which they maintained their business banking account, thus creating a fiduciary relationship

which was breached by Gordon's actions.

Defendants filed separate motions to dismiss for failure to state a claim upon which relief may be granted which were granted by the trial court, and plaintiffs appeal. *Held:*

The five elements of fraud and deceit in the State of Georgia are: (1) false representation made by defendant; (2) scienter; (3) intention to induce plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff. See *Shaw v. Cook County Federal Sav. &c. Assn.,* 139 Ga. App. 419, 420 (228 SE2d 326); Code § 105-302. Under the Civil Practice Act a motion to dismiss a complaint for failure to state a claim upon which relief may be granted should not be granted unless averments in the complaint disclose with certainty that plaintiffs would not be entitled to relief under any state of facts that could be proven in support of the claim. Here, if plaintiffs are able to prove the averments of their complaint they are entitled to relief as the five elements of fraud and deceit have all been averred by plaintiffs' complaint. The trial court erred in granting defendants' motions to dismiss.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED APRIL 6, 1978 — DECIDED JUNE 23, 1978 — REHEARING DENIED JULY 13, 1978 —

*Moore & McLaughlin, James B. McLaughlin, Jr., McKenney & Thornton, Neal D. McKenney,* for appellants.

*Martin, Snow, Grant & Napier, Cubbedge Snow, Charles M. Stapleton,* for appellees.