### 33793. ATLANTA ASSOCIATES et al. v. WESTMINSTER PROPERTIES, INC. et al.

PER CURIAM.

This action arises out of disputes between the various partners of a limited partnership known as "Atlanta Associates" about whether the business of operating certain apartments shall be continued or, instead, whether one of the partners, who also is a lender to the partnership, will be allowed effectively to bring the business to an end by foreclosure proceedings as to the partnership real estate. The complaint was filed in the name of the limited partnership, Atlanta Associates, by one of the two general partners, Inter-American Management Corporation, and by the limited partner,

Harrison Associates, Ltd. Both of those business organizations also sued in their own names. The defendants were a national bank and a savings and loan association, in their capacities as secured lenders to the limited partnership, and Westminster Properties, Inc., the other general partner in the limited partnership, a wholly-owned subsidiary corporation of the lending bank.

Westminster defended the action by filing its "Motion to Dismiss and for Summary Judgment," which motion was sustained by an order of the trial court reciting findings of fact and conclusions of law. Although the trial court specifically found that certain facts were not disputed, the appellant-plaintiffs vigorously dispute virtually every one of these findings.

The trial court concluded as matters of law that: (1) Inter-American could not bring suit for Atlanta Associates or for itself because it was a foreign corporation transacting business in Georgia without a certificate; (2) Harrison could not bring the action for Atlanta Associates because Harrison merely is a limited partner; (3) Atlanta Associates cannot bring the action because Westminster, one of the defendants and the other general partner, had not authorized the action to be brought; (4) the plaintiffs sought equity without doing equity, i.e., they did not pay defendants the sums due on the loans; and (5) the courts of Georgia are without jurisdiction in the case because the issues were adjudicated in the lower federal courts and presently are on appeal to the United States Court of Appeals for the Fifth Circuit.

This court must reverse the order of the trial court on procedural grounds. Westminster's "Motion to Dismiss and for Summary Judgment" was not supported by affidavits or other evidence. No evidentiary hearing was conducted by the court. The motion was considered by the court on the pleadings and briefs of the parties. The facts were disputed in the trial court, as in this court. Thus, this is not one of those rare instances in which the issues may be disposed of on motion to dismiss without the necessity of filing a motion for summary judgment. *O'Quinn v. O'Quinn,* 237 Ga. 653 (229 SE2d 428) (1976). Rather, this is one of the more frequent cases in which the trial court considers facts outside the pleadings, and the issues must

be reached by motion for summary judgment. *Hoffman v. PMC Development Co.*, 238 Ga. 258 (232 SE2d 541) (1977).

The parties quite obviously were treating the motion before the trial court as one to dismiss. The movant had offered no evidence in support of the motion. The motion was being heard on the pleadings and briefs. "Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief... In our opinion it cannot be said as a matter of law that it appears beyond doubt that the plaintiff will not be able to prove facts at the trial to entitle him to relief under his claim." *Dillingham v. Doctors Clinic, P. A.*, 236 Ga. 302 (223 SE2d 625) (1976). Accordingly, if, as this court construes the proceedings in the trial court, the motion was treated by the court and the parties as one to dismiss, it was error for the trial court to grant the motion.

On the other hand, if the trial court intended to treat the motion as one for summary judgment, and actually gave consideration to his "findings of fact" in reaching his conclusions of law, then the respondents to the motion were entitled to notice that the motion was being treated as one for summary judgment (*Riverhill Community Assn. v. Cobb Bd. of Commrs.*, 236 Ga. 856, 859 (226 SE2d 54) (1976)), because they had not waived such notice. See *Register v. Kandlbinder*, 231 Ga. 786, 787 (204 SE2d 145) (1974). In either event, whether the trial court dealt with the motion as one to dismiss or, instead, as one for summary judgment, the judgment must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 12, 1978 — DECIDED OCTOBER 31, 1978.

*Hicks, Maloof & Campbell, Charles E. Campbell,* for appellants.

*Macey & Zusmann, James R. Wilkinson, Jr., Gus H. Small, Jr., James W. Penland, Powell, Goldstein, Frazer & Murphy, Jeffrey L. Raney, John T. Marshall,* for appellees.