## 60556. HOLLOWAY v. DOUGHERTY COUNTY SCHOOL SYSTEM et al.

CARLEY, Judge.

Appellant, plaintiff below, was injured when a milk crate on which she was standing to drink water from a fountain overturned. The incident occurred on the premises of the Madison Elementary School in Dougherty County. Appellant filed suit by next friend

against the Dougherty County School System and, in both their individual and official capacities, against the members of the County School Board, the superintendent of the County School System and the principal of the Madison Elementary School. Appellant's complaint alleged that certain "acts and omission[s], which were wilful and intentional, of the [appellees]" proximately caused her injuries. The appellees moved to dismiss the complaint under Code Ann. § 81A-112 (b) (6) for failure to state a claim upon which relief could be granted. A hearing was held and the trial court granted the appellees' motion to dismiss the complaint. This appeal is from that judgment.

The doctrine of sovereign immunity has been recognized in this state since the adoption of the common law. *Crowder v. Dept. of State Parks,* 228 Ga. 436, 438-439 (185 SE2d 908) (1971). It applies to boards of education. *Sheley v. Bd. of Public Ed.,* 233 Ga. 487 (212 SE2d 627) (1975). "The sovereignty of the State is supreme, and to maintain that sovereignty the supremacy must also be maintained, and to do that the State must never be subjected to suit without its expressed consent." *Roberts v. Barwick,* 187 Ga. 691, 694 (1) (1 SE2d 713) (1939). " '[T]he doctrine [of sovereign immunity] now has constitutional status, and applies, . . . , to any "suit" involving claims for "injury" or "damage" against the state unless and until there is a waiver by Act of the General Assembly . . .' " *Echols v. DeKalb County,* 146 Ga. App. 560, 561 (247 SE2d 114) (1978). Appellant has cited us to no enactment of the General Assembly waiving the immunity of the Dougherty County School System from suits in tort, nor have we discovered such a statute. Indeed, the act of the General Assembly which created the Dougherty County School System provides specifically that "[t]he Dougherty County School System hereby created shall have power to sue, and be sued, but *its object is declared to be governmental and shall not be liable to suit in actions arising ex delicto, except where specifically authorized by law."* (Emphasis supplied.) Ga. L. 1951, pp. 2233, 2242. Thus, rather than an express statutory waiver of the sovereign immunity of the County School System, there is an express reservation of immunity from suits in tort. It follows, therefore, that the trial court did not err in granting the motion to dismiss as to the Dougherty County School System. *Sheley v. Bd. of Public Ed.,* 233 Ga. 487, supra.

Turning then to the motions to dismiss of the individual appellees and whether sovereign immunity extends to them, we begin with the proposition that ". . . where State officers or agents are sued personally, the suit is generally maintainable . . ." *Florida State Hospital v. Durham Iron Co.,* 194 Ga. 350, 353 (21 SE2d 216) (1942). However, "[a] different rule prevails in instances where an officer or

agent of the state is sued in his official capacity or where such officers are sued for acting in areas where they are vested with discretion and empowered to exercise judgment in matters before them. 'Any suit against an officer or agent of the State, in his official capacity, in which a judgment can be rendered controlling the action or property of the State in a manner not prescribed by statute, is a suit against the State . . .' and cannot be maintained without its consent. [Cit.] . . . , 'It is a well-established principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that "where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without wilfulness, malice, or corruption." '* These discretionary acts '. . . lie midway between judicial and ministerial ones. The name of the public officer or officers is immaterial, and the question depends on the character of the act. If the act done for which recovery is sought is judicial or quasi-judicial in its nature, the officer acting is exempt from liability.' " *Hennessy v. Webb,* 245 Ga. 329, 330-331 (264 SE2d 878) (1980).

Applying the above stated rule to appellant's complaint against the individual appellees in their official capacities demonstrates no error in the dismissal of the suit against them in that capacity. No action can be "maintained against officials of the State in their official capacity without the consent of the State, for it is, in effect, a suit against the State. [Cits.]" *McCoy v. Sanders,* 113 Ga. App. 565, 570 (148 SE2d 902) (1966). There being no express waiver by the state of the immunity of the Dougherty County School System from suit, suits against the appellees in their official capacity as agents of that system are barred by sovereign immunity. *Crowder v. Dept. of State Parks,* 228 Ga. 436, 439 (2), supra.

Therefore, the sole remaining question is whether appellant's complaint states a claim for relief against the individual appellees in their individual, as opposed to their official capacities. As we interpret *Hennessy,* the exception to the general rule that state officers or agents sued in their individual capacities are *not* clothed with sovereign immunity is where "the acts complained of are done within the scope of the officer's [discretionary, quasi-judicial] authority, and *without wilfulness, malice, or corruption." Hennessy,* 245 Ga. at 331, supra. In the instant case, the acts and omissions complained of — installation, maintenance and supervision of the

water fountains on school premises — are clearly, under *Hennessy,* "discretionary." "Boards of education are charged with the duty of providing public education. The providing and maintenance of school buildings and facilities is done in furtherance of this duty." *Hennessy,* 245 Ga. at 332, supra. The only distinction between the complaint in the instant case and that in *Hennessy* is that here appellant's complaint alleges that the "discretionary" acts and omissions of appellees "were wilful and intentional," a circumstance which, under *Hennessy,* would remove the cloak of sovereign immunity which would otherwise insulate appellees from individual liability for acts and omissions. Thus, the dispositive inquiry can be stated as follows: Was appellant's motion to dismiss for failure to state a claim under Code Ann. § 81A-112 (b) (6) properly granted when the complaint specifically alleges that the conduct of appellees constituting the averred proximate cause of appellant's injury was "wilful and intentional"?

It is of the greatest significance that the trial court's order terminating the case in favor of appellees was based upon a simple motion to dismiss for failure to state a claim upon which relief can be granted. There was no motion for summary judgment. Furthermore, the motion to dismiss was not converted into a motion for summary judgment because there was absolutely no evidence introduced. With these procedural circumstances in mind, we proceed to answer the inquiry. "Under the Civil Practice Act a motion to dismiss a complaint for failure to state a claim upon which relief may be granted should not be granted unless averments in the complaint disclose with certainty that plaintiffs would not be entitled to relief under any state of facts that could be proven in support of the claim." *Hardy v. Gordon,* 146 Ga. App. 656, 657 (247 SE2d 166) (1978). The allegations in appellant's complaint that the actions and omissions of the individual appellees were "wilful and intentional" are, without question, extreme. In addition to being extreme, the allegations are meager and conclusory. If the general averments of the complaint were submitted in affidavit form in opposition to a motion for summary judgment, they would be without sufficient probative value to rebut specific sworn testimony negating wilfulness and malice. However, "[w]hile conclusions may not generally be used in *affidavits* to support or oppose summary judgment motions [Cit.], conclusions may generally be *pleaded* under the Civil Practice Act. 'Under this "notice" theory of pleading it is immaterial whether a pleading states "conclusions" or "facts" as long as fair notice is given, and the statement of claim is short and plain.' [Cit.] '[T]he true test is whether the pleading gives fair notice and states the elements of the claim plainly and succinctly, and not whether as an abstract matter it

states "conclusions" or "facts".' [Cit.] '[T]here are no prohibitions in the rules against pleading conclusions and, if pleaded, they may be considered in determining whether a complaint sufficiently states a claim for relief. It is immaterial whether an allegation is one of fact or conclusion if the complaint effectively states a claim for relief.' 1 Kooman, Federal Civil Practice, 250. Accord, Davis & Shulman's Georgia Practice & Procedure § 2-5 (4th Ed. 1975)." *Guthrie v. Monumental Properties,* 141 Ga. App. 21, 23 (232 SE2d 369) (1977).

One can but opine that if appellees filed a motion for summary judgment supported by any evidence of the absence of wilfulness, it would be exceedingly difficult for appellant to avoid summary judgment by presenting a genuine issue of fact as to whether the appellees or any of them acted wilfully and intentionally in view of the circumstances of this case. However, as unlikely as that may be, if the allegations of appellant's complaint here were supported by admissible evidence and were proved to the satisfaction of the trior of fact, the doctrine of sovereign immunity would not preclude a recovery by appellant. *Hennessy v. Webb,* supra; *Partain v. Maddox,* 131 Ga. App. 778 (206 SE2d 618) (1974).

Therefore, in the present case "it cannot be said as a matter of law that it appears *beyond doubt* that the plaintiff will not be able to prove facts at the trial to entitle [her] to relief under [her] claim. It must be remembered that the objective of the CPA is to avoid technicalities and to require only a short and plain statement of the claim that will give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in details. [Cits.]" (Emphasis supplied.) *Dillingham v. Doctors Clinic,* 236 Ga. 302, 303 (223 SE2d 625) (1976). Because appellant's complaint does "state a claim upon which relief can be granted" (Code Ann. § 81A-112 (b) (6)) against the individual appellees in their individual capacities, the trial court erred in granting their motions to dismiss the complaint against them in that capacity. Accordingly, the judgment is affirmed insofar as it dismissed the action against the Dougherty County School System and the individual appellees in their official capacity as agents of that system; the judgment is reversed insofar as it dismissed the action against the individual appellees in their individual capacities.

*Judgment affirmed in part and reversed in part. Quillian, C. J., Shulman, P. J., Banke, Birdsong, Sognier and Pope, JJ., concur. Deen, P. J., concurs specially. McMurray, P. J., concurs in part and dissents in part.*

DECIDED JANUARY 8, 1981 —
REHEARING DENIED JANUARY 29, 1981.

*Mary M. Young, Laronce Beard,* for appellant.
*Jessie Walters,* for appellees.

DEEN, Presiding Judge, concurring specially.

I fully agree with the majority opinion of Judge Carley. My position as to sovereign immunity is outlined in *Echols v. DeKalb County,* 146 Ga. App. 560, 563 (247 SE2d 114) (1978). The law now appears to be that school boards and officials may now be immune from liability from suits by parents and children except in two situations: (1) when constitutional rights of the student are affected, and (2) where wilfulness, malice or corruption is involved.

Wood v. Strickland, 420 U. S. 308 (95 SC 992, 43 LE2d 214) (1975) made clear, if any doubt ever existed, that students may sue school board officials for money damages under the Civil Rights Act of 1871, 42 USC § 1983. The opinion ruled that school officials are not entitled to an absolute immunity from suit for money damages. "Therefore, in the specific context of school discipline, we hold that a school board member is not immune from liability for damages under § 1983 if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the student affected, or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury to the student." Id. at 322.

The Supreme Court in *Hennessy v. Webb,* 245 Ga. 329, 330-331 (264 SE2d 878) citing *Partain v. Maddox,* 131 Ga. App. 778, 781-782 (206 SE2d 618) (1974) ruled as follows: " ' "[W]here an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without wilfulness, malice, or corruption.*" ' "

The complaint alleges wilful and intentional acts, therefore, the grant of the motion to dismiss was error.

McMURRAY, Presiding Judge, concurring in part and dissenting in part.

Plaintiff, a six-year-old child, was injured on April 20, 1978, when the milk crate upon which she was standing to drink water from a fountain overturned. The fountain was located on the premises of the Madison Elementary School in Dougherty County.

On April 9, 1980, plaintiff filed suit by her next friend against the

Dougherty County School System, the members of the Dougherty County School Board (individually and in their official capacities as members of that board), the superintendent of the Dougherty County School System (individually and in his official capacity), and the principal of the Madison Elementary School (individually and in his official capacity). Plaintiff's complaint alleges negligence on the part of the named defendants in failing to install adequate water fountains at the Madison Elementary School, in failing to properly supervise the means and methods used by small children to gain access to said fountains, in placing the milk crate next to the water fountain, and in failing to supervise plaintiff child at the time of the incident which caused her injuries.

On May 8, 1980, the trial court granted motions filed by the defendants to dismiss plaintiff's complaint in its entirety. Plaintiff brings this appeal from the dismissal of her complaint.

I concur fully with the majority opinion and in the judgment of affirmance in part insofar as the dismissal of the Dougherty County School System and the school officials (board members, superintendent and principal) in their representative capacities, based upon *Sheley v. Board of Public Education,* 233 Ga. 487 (212 SE2d 627).

But as to the individual defendants (board members, superintendent and principal) it is my firm opinion that we are controlled here by the Supreme Court's decision in *Hennessy v. Webb,* 245 Ga. 329, 332 (264 SE2d 878), requiring a complete affirmance of this case with respect to the school officials in their individual capacities as well.

The finding of the trial court that the averments of plaintiff's complaint disclose with certainty that plaintiff would not be entitled to recover under any state of facts that could be shown in support of the claim should be upheld. *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260).

I, therefore, respectfully dissent as to the judgment of reversal in part as to the individual defendants herein as the suit simply does not separate them from their official capacities as agents of the school system.