38309. LEDFORD et al. v. MEYER.

SMITH, Justice.

Appellee, a young female firefighter, brought an action for libel and slander. She claims a right of recovery under state law as well as 42 USC § 1983. After considerable discovery, appellants moved to have the recast complaint dismissed for failure to state a claim upon which relief can be granted. A hearing was held on the motion and the trial court entered the following order: "Defendants Motion to Dismiss . . . coming on for hearing this date, and it appearing that Plaintiff's Recast Complaint does state a claim for relief and that sufficient facts of record exist to support said Complaint, and it appearing to the Court that no sufficient grounds pursuant to § 12 of the Civil Practice Act exists for granting said Motion, it is Ordered that the Motion is hereby denied."

Although a certificate of immediate review was granted by the trial court, appellants' application for interlocutory appeal was denied by the Court of Appeals. On certiorari, we granted the

application.

1. The first question to be decided in this appeal is whether the order appealed from is a denial of a motion for summary judgment or a denial of a motion to dismiss. The question arises because the trial court's order seems to indicate that "facts of record" were considered. See *Hill v. Davis,* 241 Ga. 233 (244 SE2d 852) (1978). CPA § 12 (b) (Code Ann. § 81A-112 (b)) provides: ". . . If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in section 81A-156, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by section 81A-156."

In the instant case, the recast complaint contains broad allegations as to the allegedly defamatory statements. At the hearing, appellee defended the complaint on the ground that "notice pleading requires no more." In addition, appellee noted, the defense had learned through the discovery process of the specific statements upon which the action was based. The trial court then inquired as to where the allegedly defamatory statements appeared in the record. The statements were pointed out, and the trial court denied the motion on the ground that the complaint provided adequate notice of the claims and "that's all you have to do."

From this hearing, it is manifestly clear that the trial court was not intending to render a summary judgment. We note that appellee specifically objected to any attempt to convert the motion into one for summary judgment on the ground that "we're still engaged in the discovery process" and have not had a proper opportunity to prepare for such a motion. See *Jaynes v. Douglas,* 147 Ga. App. 678 (250 SE2d 14) (1978).

We shall treat the motion to dismiss as did the trial court — as a motion to dismiss for failure to state a claim upon which relief can be granted. See *Atlanta Associates v. Westminster Properties, Inc.,* 242 Ga. 462 (249 SE2d 252) (1978); *Brackett v. H. R. Block & Co.,* 119 Ga. App. 144 (166 SE2d 369) (1969).

2. "Under the Civil Practice Act a motion to dismiss a complaint for failure to state a claim upon which relief may be granted should not be granted unless averments in the complaint disclose with certainty that plaintiffs would not be entitled to relief under any state of facts that could be proven in support of the claim." *Hardy v. Gordon,* 146 Ga. App. 656, 657 (247 SE2d 166) (1978).

"While conclusions may not generally be used in *affidavits* to support or oppose summary judgment motions [cit.], conclusions may generally be *pleaded* under the Civil Practice Act. 'Under this

"notice" theory of pleading it is immaterial whether a pleading states "conclusions" or "facts" as long as fair notice is given, and the statement of claim is short and plain.' [Cit.] '(T)he true test is whether the pleading gives fair notice and states the elements of the claim plainly and succinctly, and not whether as an abstract matter it states "conclusions" or "facts".' [Cit.] '(T)here are no prohibitions in the rules against pleading conclusions and, if pleaded, they may be considered in determining whether a complaint sufficiently states a claim for relief. It is immaterial whether an allegation is one of fact or conclusion if the complaint effectively states a claim for relief.' 1 Kooman, Federal Civil Practice, 250. Accord, Davis & Shulman's Georgia Practice & Procedure § 2-5 (4th Ed. 1975)." *Guthrie v. Monumental Properties,* 141 Ga. App. 21, 23 (232 SE2d 369) (1977).

Applying the above standards to appellee's complaint, the trial court did not err in denying the motion to dismiss. See *Holloway v. Dougherty County School System,* 157 Ga. App. 251 (277 SE2d 251) (1981); Bollow v. Federal Reserve Bank, 650 F2d 1093, 1100-1101 (9th Cir. 1981).

*Judgment affirmed. All the Justices concur, except Clarke, J., who concurs specially, and Jordan, C. J., Marshall and Weltner, JJ., who dissent.*

DECIDED APRIL 6, 1982 —
REHEARING DENIED MAY 25, 1982.

*Lennie F. Davis, E. H. Polleys, Jr., Hatcher, Stubbs, Land, Hollis & Rothschild, Albert W. Stubbs, Joseph L. Waldrep,* for appellants.
*James D. Patrick,* for appellee.

CLARKE, Justice, concurring specially.

I am concurring in the judgment because of the procedural posture in this case.

If the order of the trial court could be held to be an order overruling a motion for summary judgment, the facts and law might very well require a reversal. I have concluded, however, that the order of the trial court must be construed as an order denying a motion to dismiss and not an order denying a summary judgment. This conclusion is reached in spite of the wealth of discovery in the record and the court's reference to it. The court denominated its order as being on a motion to dismiss and based it on Rule 12 of the Civil Practice Act. Although a simple label does not change the nature of an order, the additional fact that the court did not allow the

respondent the required thirty-day period within which to respond convinces me that the order must be treated as a denial of a motion to dismiss. Such an order relates only to the pleadings. I would hold, therefore, that the court did not reach the question of whether there are genuine issues of material fact. In my opinion, this question can still be raised on motion for summary judgment.

JORDAN, Chief Justice, dissenting.

I dissent to the majority opinion since it appears to be contrary to our hoped for aim of judicial economy.

The majority opinion treats the action of the trial court as simply the denial of a motion to dismiss and applies principles applicable to such motions.

It is clear that more than this was involved. The opening statement in the appellee's brief is that "appellant's motion to dismiss was properly treated as a motion for summary judgment since matters of record were considered by the court." Appellee then cites principles of law applicable to motions for summary judgment.

The appellants point out in their brief that there were four sets of interrogatories propounded and answered; twenty-eight depositions were taken; and there were two lengthy hearings before the Personnel Review Board. From the pleadings and the voluminous evidence in this record this Court should treat the matter as the parties have treated it, i.e., the overruling of a motion for summary judgment, and proceed in the interest of judicial economy to reach the legal issues presented in this case. That was our apparent reason for granting certiorari.

The overriding and principal issue is whether or not the defendants are legally immune from a suit for libel and slander under the circumstances of this case and whether or not the plaintiff's constitutional rights have been violated.

Therefore, it is my opinion that this Court should at the present time consider and decide these issues rather than return the case to the trial court with these issues undecided. It will be only a matter of time before the case is returned to this Court presenting the identical issues for resolution.

I respectfully dissent.

I am authorized to state that Justice Marshall and Justice Weltner concur in this dissent.