70382. WALTON v. JAMES & DEAN, INC. et al.
(338 SE2d 516)

McMURRAY, Presiding Judge.

Summary Judgment. Larry H. Walton (plaintiff) sued James & Dean, Inc. (corporate defendant) and H. E. Tom Sawyer (individual defendant) for damages. It was alleged that the plaintiff and corporate defendant entered into an oral employment contract whereby the plaintiff was to be a commissioned salesperson and that after the plaintiff began work and earned $9,000 in accrued and unaccrued commissions, the corporate defendant forced the plaintiff to enter into a written employment contract. The contract provided, in material part: "If Salesperson does not complete one full year of employ-

ment from the date of this agreement, Salesperson shall only be entitled to receive commissions on collections received as of the date of Salesperson's termination. In the event Salesperson completes one year or more of employment from the date of this agreement, then, in that event, Salesperson shall be entitled to receive commissions on collections at [sic] set forth above." Plaintiff alleged further that he entered into the written employment contract because of threats of discharge; and that H. E. Tom Sawyer, who is an officer and agent of the corporate defendant, cursed and harassed him making it impossible for him to perform his duties of employment and forcing him to seek other employment. The plaintiff alleged that Sawyer interfered with his contract of employment and conspired with the corporate defendant to force the plaintiff to resign prior to the expiration of one year, thereby causing him to forfeit unaccrued commissions.

In answer to the plaintiff's complaint, the defendants denied all of the material allegations and later filed a motion for summary judgment. After reviewing the entire record and hearing arguments of counsel, the trial court found "that the contract entered into between the parties is clear and unambiguous, that there are no genuine issues of material fact and that defendants are entitled to summary judgment as to all claims made in plaintiff's complaint" and granted defendants' motion for summary judgment. From this order the plaintiff appeals. *Held*:

1. When examining a complaint, courts are compelled to determine whether the facts alleged state a claim for relief under which the plaintiff may recover. It is not necessary that the complaint be perfect in form or set out all of the issues with particularity, it is necessary only to place the defendant on notice of the claim against him. OCGA § 9-11-8; *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147, 149, 150 (281 SE2d 586). The Civil Practice Act directs that all pleadings shall be so construed as to do substantial justice. In the case sub judice, the facts alleged in the complaint present two theories upon which the plaintiff may recover: (1) compensation for services rendered; and (2) tortious interference with an employment contract.

2. We agree with the trial court that the contract is clear and unambiguous. It is also clear that the plaintiff accepted compensation and performed services under the written contract. Furthermore, the plaintiff never sought to rescind the contract or return the benefits he obtained thereunder. Consequently, the plaintiff waived any claim of duress. See *Tidwell v. Critz*, 248 Ga. 201, 205, 206 (282 SE2d 104).

3. Defendants introduced no evidence to show that the plaintiff had been fully compensated for services rendered. Therefore, giving the plaintiff the benefit of all reasonable doubt and all favorable inferences that may be drawn from the complaint, we find that there remains an issue of material fact as to whether the plaintiff was fully

compensated for services he rendered while employed with the corporate defendant.

4. The plaintiff's allegation of conspiracy by the corporate defendant to interfere with the plaintiff's ability to perform the employment contract is without merit. The employment contract stated that it "may be terminated for any reason either by the [corporate defendant] or [the plaintiff] upon two weeks written notice. . . ." An employee at will cannot bring an action against his employer for wrongful interference with an employment contract when he is an employee at will. *Troy v. Interfinancial,* 171 Ga. App. 763, 766 (1) (320 SE2d 872). However, the plaintiff's allegation against H. E. Tom Sawyer, for interference with the employment contract was unchallenged and should have been sustained. "[E]ven though a person's employment contract is at will he has a valuable contract right which may not be wilfully interfered with by a third person." *Troy v. Interfinancial,* 171 Ga. App. 763, 766 (1), supra. See *Ott v. Gandy,* 66 Ga. App. 684 (1) (19 SE2d 180). Accordingly, a genuine issue of material fact remains as to whether Sawyer wilfully interfered with the plaintiff's ability to perform the duties of his employment.

*Judgment reversed. Banke, C. J., concurs. Benham, J., concurs in the judgment only.*

DECIDED NOVEMBER 27, 1985.

*Scott Walters, Jr.,* for appellant.
*Robert J. Kaufman, Fredric Chaiken,* for appellees.