## 71105. RICKETS v. TRI-STATE SYSTEMS, INC.
### (339 SE2d 732)

CARLEY, Judge.

Appellee-defendant Tri-State Systems, Inc. is the owner of a certain outdoor advertising sign. The evidence shows that, since 1970, "the sign has been furnished under contract with Days Inn of America [(Days Inn)]." Pursuant to its contract with Days Inn, appellee was obligated to perform certain maintenance work on the sign. The evidence further shows that "[t]his maintenance includes repair of the illumination or lighting system, keeping the view of the sign clear, keeping the structure of the sign repaired, and keeping the actual advertising copy repainted or provided with new logo as Days Inn requires. Some of this maintenance work is performed by employees of [appellee]. Other maintenance work, such as repainting the copy and putting a new logo on the sign," however, is not performed by appellee's own employees.

In 1982, appellee contracted with Ira Whittle, d/b/a Whittle Sign Company (Whittle) to repaint the sign with a new Days Inn layout. Appellant-plaintiff is an employee of Whittle. During the course of repainting the sign, appellant's metal-handle paint brush came in contact with or in close proximity to an electrical wire. Appellant suffered physical injuries as the result of being shocked and then falling from the sign platform. He brought the instant tort action against appellee and Georgia Power Company, who is not a party to this appeal. Among the other defenses raised in its answer, appellee asserted that, as appellant's statutory employer, it would be immune from tort liability and subject only to a claim for workers' compensation. Appellee moved for and was granted summary judgment based upon its statutory employer immunity defense. Appellant appeals from that order.

1. Both appellant and appellee cite *Modlin v. Black & Decker Mfg. Co.*, 170 Ga. App. 477 (317 SE2d 255) (1984) and *Manning v. Ga. Power Co.*, 252 Ga. 404 (314 SE2d 432) (1984) in support of their respective positions. Appellant relies upon *Modlin* and *Manning* as controlling authority for the proposition that appellee is merely the owner of the sign and not his statutory employer and thus has no corresponding tort immunity. Appellee, on the other hand, contends that *Modlin* and *Manning* control because the instant case comes within an exception to the holding in those two cases, which exception was specifically recognized therein.

"[O]wners or entities merely in possession or control of the premises would not be subject to workers' compensation liability as statutory employers, *except in the isolated situation where that party also serves as a contractor for yet another entity and hires another contractor to perform the work on the premises.*" (Emphasis sup-

plied.) *Modlin v. Black & Decker Mfg. Co.*, supra at 479. See also *Manning v. Ga. Power Co.*, supra at 406. That appellee is the owner of the sign is not questioned. However, it is likewise clear that, unlike the defendants in *Modlin* and in *Manning*, appellee does not occupy the status of the mere passive owner of the premises where appellant was injured. Appellee's sign was "under contract" to Days Inn and, pursuant to that contract, appellee had certain continuing obligations to Days Inn with regard to the sign that it owned. Thus, notwithstanding its ownership of the sign, appellee was, as to Days Inn, a "contractor." "Contractor" is defined as one " 'who contract[s] to perform certain work, such as the furnishing of goods and service, for another. . . .' [Cit.]" *Modlin v. Black & Decker Mfg. Co.*, supra at 478. Since the contract with Whittle was entered into in specific furtherance of appellee's contractual obligation to Days Inn rather than its ownership interest, appellee would be the "principal" contractor as to those services. Appellee owed the primary obligation to Days Inn and the obligation, in turn, was owed to appellee by Whittle. Appellant, an employee of Whittle, was injured while performing these obligations. It follows that the instant case does come within the exception recognized in *Modlin* and in *Manning*. OCGA § 34-9-8 "applies to contractors and not owners, *unless the owner also serves as a contractor.*" (Emphasis supplied.) *Modlin v. Black & Decker Mfg. Co.*, supra at 478.

2. Appellant further asserts, however, that summary judgment was erroneous because a genuine issue remains as to whether appellee should be estopped to assert its statutory employer status and its resulting tort immunity defense. The asserted applicability of the principle of estoppel is predicated upon the existence of the uncontradicted statement in appellant's affidavit that, at some point after his injuries, appellee had solicited and received appellant's signature on a certain written document. The document itself was not attached to appellant's affidavit and does not otherwise appear of record. However, according to appellant's affidavit, the signed document, which he had returned to appellee, was to the effect that appellee "was *not* responsible for [his] Workers' Compensation benefits." (Emphasis supplied.) In resolving the estoppel issue, we will assume without deciding that appellee's apparent failure to raise a "best evidence" objection to this portion of appellant's affidavit renders it probative secondary evidence as to the contents of the alleged document. Compare *Ford v. Ga. Power Co.*, 151 Ga. App. 748 (261 SE2d 474) (1979).

"In order for an estoppel to arise, there must generally be some intended deception, or gross negligence amounting to constructive fraud by which another is misled to his injury. [Cit.]" *Tybrisa Co. v. Tybeeland, Inc.*, 220 Ga. 442, 446 (139 SE2d 302) (1964). The law has specifically recognized that "the mere expression of a legal opinion

does not ordinarily work an estoppel against its author. [Cits.]" *Trust Co. of Ga. v. S & W Cafeteria*, 97 Ga. App. 268, 285 (103 SE2d 63) (1958). Among the cases cited in *Trust Co. of Ga.* as authority for the above stated principle of law is the decision in *Salter v. Brown*, 56 Ga. App. 792 (193 SE 903) (1937). The *Salter* decision holds that "[a] misrepresentation as to a *legal liability*, which induces the making of a contract, does not constitute actionable fraud if the matter be open to the observation of both parties equally and there is no relation of trust or confidence between them." (Emphasis supplied.) *Salter v. Brown*, supra at 792 (1).

There is nothing in the record before us to indicate that the purported document in issue evinced appellee's intended deception as to the specific question of its "statutory employer" status. Even admitted employers, statutory or otherwise, are not always "responsible" for workers' compensation benefits. An injury must otherwise be compensable before an employer would be "responsible" for workers' compensation benefits. Moreover, a general denial of responsibility for payment of workers' compensation benefits would appear to constitute the mere expression of a legal opinion as to nonliability under the circumstances. Under the *Trust Co. of Ga.* and *Salter* decisions, the expression of such a legal opinion generally cannot serve as the basis of an estoppel. Finally, " 'that which is not an estoppel, to the party insisting on it as an estoppel, cannot be an estoppel to the other party. Estoppel, to be good, must be "reciprocal." ' [Cit.]" *Porterfield v. Gilmer*, 132 Ga. App. 463, 466 (208 SE2d 295) (1974), aff'd 233 Ga. 671 (212 SE2d 842) (1975). It is clear that the purported written document would not serve to estop appellant from pursuing a workers' compensation claim against appellee. See OCGA § 34-9-10.

Accordingly, for the reasons discussed above, there is no viable issue of estoppel remaining such as would render the grant of summary judgment to appellee erroneous. The trial court's order is affirmed.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 6, 1986 —
REHEARING DENIED JANUARY 22, 1986 — ■

*Robert D. Cheeley, D. Lynn Kelley, J. Sherrod Taylor*, for appellant.

*Cubbedge Snow III, H. Jerome Strickland*, for appellee.