## A89A0194. LANDRUM v. COBB COUNTY CONCRETE PRODUCTS, INC. et al.
### (383 SE2d 144)

CARLEY, Chief Judge.

Appellee-defendant J. E. Lovern (Lovern) subcontracted to provide and install the water and sewer lines for a building project. Appellee-defendant Cobb County Concrete Products, Inc. (CCCP) subcontracted with appellee Lovern for the sale, delivery and installation of an underground sewer tank. Superior Crane & Rigging Company (Superior) subcontracted with appellee CCCP to lift the sewer tank into position at the construction site. Appellant-plaintiff's husband was the employee of Superior who was assigned the job of operating the crane. He died when the crane fell over at the construction site. As the result of her husband's death, appellant received workers' compensation benefits from Superior.

Appellant then brought this wrongful death action against appellees Lovern and CCCP. Appellees answered and raised, among their other defenses, the exclusivity of workers' compensation as appellant's remedy for the death of her husband. Based upon this defense, appellees subsequently moved for summary judgment. Appellant appeals from the trial court's grant of summary judgment in favor of appellees.

1. "[A]n employee of a subcontractor engaged upon the subject matter of the contract who is injured on, in or about the premises on which the principal contractor has undertaken to execute the work, can [not] maintain an action in tort against the principal [or intermediate] contractor where the subcontractor is an independent contractor and where workers' compensation benefits were paid by the subcontractor." *Wright Assoc. v. Rieder*, 247 Ga. 496, 497 (1) (277 SE2d 41) (1981). Appellant's deceased husband was employed by Superior. Superior was a subcontractor of appellee CCCP for the construction project. Although appellee CCCP was apparently the manufacturer of the sewer tank that caused the crane to tip over, it was also a subcontractor of appellee Lovern for the construction project. See generally *Rickets v. Tri-State Systems*, 177 Ga. App. 509 (1) (339 SE2d 732) (1986). Compare *Modlin v. Swift Textiles*, 180 Ga. App. 726 (350 SE2d 273) (1986). Appellant has alleged no cause of action against appellee CCCP in its capacity as the manufacturer of the sewer tank. There are no allegations that the sewer tank itself was a negligently or defectively manufactured product. The alleged negligence of appellee CCCP consists only of its representation to Superior that the weight of the sewer tank was less than it actually was. Since appellee CCCP had contracted with Superior to lift the sewer tank into position at the construction site, it is clear that this allegedly negligent representation was not made to Superior in appellee CCCP's capacity as the

manufacturer of the sewer tank, but solely in its capacity as appellee Lovern's subcontractor for the installation of the sewer tank.

We are aware of no authority for the proposition that an allegedly negligent intermediate contractor may not avail himself of the immunity granted to statutory employer simply because he also incidentally occupies the capacity of a manufacturer. "[N]otwithstanding its [manufacture] of the [sewer tank], appellee [CCCP] was, as to [appellee Lovern], a 'contractor.' 'Contractor' is defined as one ' "who contract[s] to perform certain work, such as the furnishing of goods and service, for another. . . ." [Cit.]' [Cit.] Since the contract with [Superior] was entered into in specific furtherance of [appellee CCCP's] contractual obligation to [appellee Lovern] rather than [in] its [capacity as the manufacturer], appellee [CCCP] would be the 'principal' contractor as to those services. Appellee [CCCP] owed the primary obligation to [appellee Lovern] and the obligation, in turn, was owed to appellee [CCCP] by [Superior]. [Appellant's deceased], an employee of [Superior], was [killed] while performing these obligations." *Rickets v. Tri-State Systems*, supra at 510. Appellee Lovern was itself a subcontractor of the general contractor for the project. Appellant was paid workers' compensation benefits by Superior. Under these circumstances, appellees CCCP and Lovern, as intermediate contractors, were the statutory employers of appellant's deceased husband and, as such, they are not liable in tort for his death. See *Wright Assoc. v. Rieder*, supra. The trial court correctly granted summary judgment in favor of appellees.

2. Appellees' motion for the imposition of damages for a frivolous appeal is denied.

*Judgments affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Benham, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

As shown by the complaints, Landrum's suit against CCCP is a negligence action against it as manufacturer for inaccurately advising the decedent's employer of the weight of the tank. It is alleged that the manufacturer knew the true weight was 5,000 pounds more. OCGA § 51-1-11 gives a cause of action for injury which follows when the property is "not . . . reasonably suited to the use intended" (subsection b (1)); the manufacturer has a "duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer" (subsection c).

Pleadings are to be "construed as to do substantial justice." OCGA § 9-11-8 (f); *Walton v. James & Dean, Inc.*, 177 Ga. App. 77, 78 (1) (338 SE2d 516) (1985). It is sufficient if the complaint gives "fair notice and states the elements of the claim plainly and suc-

cinctly." *Ledford v. Meyer*, 249 Ga. 407, 409 (2) (290 SE2d 908) (1982). See also *Hardy v. Gordon*, 146 Ga. App. 656, 657 (247 SE2d 166) (1978). It need not set forth a cause of action so long as it sets forth a claim for relief. *Mathews v. Greiner*, 130 Ga. App. 817, 822 (4) (204 SE2d 749) (1974).

Just because CCCP happens also to be a statutory employer under the particular facts does not eliminate its separate tort liability as a manufacturer. In this regard it presents no authority for the proposition that the statutory employer immunity applies to acts of negligence committed in its capacity as manufacturer.

The nature of the allegedly negligent act is one undertaken in its role as manufacturer of the tank and only incidentally, if at all, in its role as intermediate contractor.

I respectfully dissent with respect to affirmance of summary judgment for CCCP.

DECIDED MAY 19, 1989 —
REHEARING DENIED JUNE 6, 1989.

*The Garland Firm, James M. Campbell, Charles G. Haldi, Jr.,* for appellant.

*Long, Weinberg, Ansley & Wheeler, David A. Sapp, Drew, Eckl & Farnham, Jeffrey D. Bunch, Stevan A. Miller, Barry S. Mittenthal,* for appellees.