[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12557
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-04382-TWT

MOHAMMED RAFIQUE ULLAH,
SHIRIN AKHTER,

Plaintiffs-Appellants,

versus

BAC HOME LOANS SERVICING LP,
f.k.a. Countrywide Home Loan Servicing, LP,
MERSCORP INC.,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. (MERS),
BANK OF AMERICA, NA,
MCCALLA RAYMER, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 16, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Mohammed Rafique Ullah and Shirin Akhter (the "Ullahs"), husband and wife proceeding pro se, appeal the district court's grant of motions to dismiss their complaint. The Ullahs filed suit in Georgia state court against BAC Home Loan Servicing, LP ("BAC"), Merscorp, Inc. and its wholly owned subsidiary Mortgage Electronic Registration System, Inc. ("MERS"), Bank of America, N.A. ("BOA"), and McCalla Raymer, LLC ("McCalla"), alleging breach of contract, breach of the duty of good faith and fair dealing, fraud, fraudulent conspiracy, negligent commencement of foreclosure proceedings, violation of the Georgia Fair Business Practices Act ("GFBPA"), wrongful foreclosure, and conversion. On appeal, the Ullahs argue that the district court lacked subject matter jurisdiction and should have granted their motion to remand to state court because the defendants failed to prove by clear and convincing evidence that McCalla, a non-diverse defendant, was fraudulently joined. After careful review, we vacate and remand.

The background is this. The Ullahs obtained a residential mortgage loan by executing a mortgage note and security deed. The security deed named MERS as the grantor, and MERS assigned the deed to BOA. The Ullahs defaulted on their mortgage, and BOA, through its wholly owned subsidiary BAC, commenced foreclosure proceedings. BOA and BAC retained McCalla to serve as foreclosure

2

counsel.  McCalla sent the Ullahs a notice of foreclosure sale informing them of their rights and notifying them of various fees which they could be required to pay.

Before the foreclosure sale could proceed, the Ullahs filed this action in state court.  Merscorp, MERS, BOA, and BAC (collectively, the "bank entities"), with McCalla's consent, removed the case to the U.S. District Court for the Northern District of Georgia based on diversity jurisdiction.  The bank entities and McCalla admitted that the Ullahs and McCalla were all residents of Georgia for the purposes of determining diversity jurisdiction, but they said that McCalla was merely a nominal defendant whose presence did not count for diversity purposes. In the district court, the bank entities and McCalla moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Instead of responding to the motions to dismiss, the Ullahs filed a motion to remand the case back to state court based on a lack of diversity jurisdiction.  The district court granted the bank entities' and McCalla's motions and dismissed the case without addressing the Ullahs's motion to remand.  This timely appeal follows.

We review issues of federal subject matter jurisdiction de novo.  Bender v. Mazda Motor Corp., 657 F.3d 1200, 1202 (11th Cir. 2011).  An appellate court "must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review."  Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005) (quotation omitted).  "When a case is removed based on

3

diversity jurisdiction, . . . the case must be remanded to state court if there is not complete diversity between the parties." Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011). "However, when a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." Id. (quotation and brackets omitted). Such pleading constitutes "fraudulent joinder" of the non-diverse defendant. Id.

To establish fraudulent joinder of the non-diverse defendant, the removing party must satisfy a "heavy" burden of proving by clear and convincing evidence that either: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Id. (quotation omitted). The standard for evaluating whether the plaintiff can establish a cause of action against the resident defendant is very lenient: "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id. at 1333 (quotation omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id. (quotation omitted).

4

"[W]e must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." Id. at 1334. The pleading standard in Georgia is lower than the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See id. at 1334 n.3 ("Georgia has not chosen to adopt the heightened pleading requirements imposed on federal plaintiffs . . . ."). Under Georgia law, fair notice of the nature of the claim is all that is required, and the elements of most claims can be pled in general terms. Bush v. Bank of N.Y. Mellon, 720 S.E.2d 370, 374 (Ga. App. 2011). Pleading conclusions, rather than facts, may be sufficient to state a claim for relief. Stillwell, 663 F.3d at 1334; see Ledford v. Meyer, 290 S.E.2d 908, 909-10 (Ga. 1982) (holding that under the notice theory of pleading adopted in Georgia "it is immaterial whether a pleading states 'conclusions' or 'facts' as long as fair notice is given"). Moreover, even when a plaintiff fails to conform to these requirements, the proper remedy is not a dismissal or judgment on the pleadings, but to allow the plaintiff to amend the complaint and provide a more definite statement unless the complaint's allegations "disclose with certainty that no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief he seeks." Bush, 720 S.E.2d at 374 (quotation omitted).

In Henderson v. Washington National Insurance Co., 454 F.3d 1278, 1283 (11th Cir. 2006), we considered a motion to remand to state court. The case turned

5

on whether the defendants had shown by clear and convincing evidence that there was no possibility the plaintiff could establish a cause of action for fraud against the non-diverse defendant under Alabama law because the complaint failed to establish that the plaintiff was entitled to tolling of the statute of limitations.  We stated that "the precise contours of the pleading requirements are not dispositive." Id.  The plaintiff in Henderson alleged generally that the defendants engaged in fraud by concealing the nature of a group insurance policy purchased by the plaintiff and that "the fraud and other wrongs perpetrated upon Plaintiff were of a continuing nature."  Id. at 1280, 1284.  We noted that this general assertion fell short of Alabama's pleading requirements, but looked to other parts of the complaint which contained a more detailed description of the events.  Id. at 1284. We stated that our "task is not to gauge the sufficiency of the pleadings in this case."  Id.  The "inquiry is more basic: we must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient."  Id.  We held that statements in the complaint, although not referring to the non-diverse defendant specifically, set forth allegations which provided at least some notice of the claim such that, although the "patchy allegations" might ultimately prove insufficient, we were "unable to say there is no possibility [the plaintiff] has asserted a colorable claim."  Id.

The Georgia Supreme Court's recent decision in <u>You v. JP Morgan Chase Bank, N.A.</u>, No. S13Q0040, 2013 WL 2152562 (Ga. May 20, 2013), clarified two issues certified to the Georgia Supreme Court by the U.S. District Court for the Northern District of Georgia. <u>Id.</u> at *1. First, the holder of a security deed possesses full authority to exercise the power of sale and foreclose after the debtor's default, regardless of whether the holder also possesses the mortgage note or otherwise has a beneficial interest in the debt obligation underlying the security deed. <u>Id.</u> at *6. Second, the notice provided to the debtor need only identify "the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor," and, thus, the notice does not need to identify the secured creditor unless the secured creditor happens to be the party with such authority. <u>Id.</u> (quotation omitted). However, the Georgia Supreme Court specifically declined to reach the issue of whether permitting both the holder of the mortgage note and the holder of the security deed to foreclose would expose the debtor to double liability. <u>Id.</u> at *5.

In this case, the district court lacked subject matter jurisdiction. As McCalla and the bank entities admit, the Ullahs and McCalla are all residents of Georgia for purposes of diversity jurisdiction. The bank entities bore the burden of proving that McCalla was fraudulently joined by establishing there was no possibility a Georgia state court would find that the complaint stated a cause of action against

7

McCalla.  The specific allegation against McCalla in the complaint provided that McCalla aided and abetted the bank entities by communicating false representations, and the bank entities argue that the Ullas failed to allege certain elements of fraud.  But in reviewing a claim of fraudulent joinder, the precise pleading requirements of state law are not dispositive.  See Henderson, 454 F.3d at 1284 (declining to reach the question of whether the plaintiff adequately pled state law fraud because "the decision as to the sufficiency of the pleadings is for the state courts").  Moreover, under Georgia law, the appropriate remedy for failure to satisfy the pleading standards is not dismissal.  See Bush, 720 S.E.2d at 374.

Although the complaint did not specifically refer to McCalla throughout, more detailed allegations can be gleaned from other portions of the complaint.  The allegations are these.  MERS arranged with law firms, like McCalla's, for flat fees to be charged as attorneys' fees.  MERS allowed its attorneys and loan servicers to collect fees in excess of these flat rates.  Other additional fees charged by MERS also could not be verified but were likely to be in excess of expenses actually incurred.  MERS utilized the services of law firms like McCalla's, acting as MERS's agents, to prosecute borrowers who fell behind on their payments, and either the law firm or MERS would enter a demand for payment of fees and expenses.  The notice of sale, which was sent by McCalla, concealed the true owner of the security deed in an attempt to collect fees from the Ullahs and stop

8

them from preventing foreclosure.  These proceedings caused them economic loss, emotional distress, embarrassment, humiliation, and pain and suffering.

The bank entities and McCalla failed to meet their heavy burden to show by clear and convincing evidence that based on these statements there was no possibility that a Georgia state court could find that the Ullahs adequately pleaded a cause of action for fraud against McCalla.  The Ullahs alleged that the bank entities, through McCalla, charged them attorneys' fees and other fees above the amounts permitted by the terms of the mortgage note.  They alleged that they have in fact paid these fees.  They noted that they now face the possibility of double liability should the owner of the mortgage note demand payment from them.  The Ullahs presented most of these allegations through conclusory statements, but, under Georgia law, conclusory statements can sufficiently state a cause of action. See Stillwell, 663 F.3d at 1334; Ledford, 290 S.E.2d at 909-10.  Accordingly, the district court lacked subject matter jurisdiction and, therefore, we vacate the district court's grant of the motions to dismiss and remand the case to the district court with instructions to remand the case to the Gwinnett County Superior Court.

**VACATED AND REMANDED.**